IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD KORN, | § | |
| | § | |
| Plaintiff Below, | § | No. 302, 2015 |
| Appellant, | § | Court Below—Court of Chancery |
| | § | of the State of Delaware, |
| v. | § | C.A. No. 8266-VCG |
| | § | |
| SYLVIA KORN, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: July 9, 2015
Decided: July 17, 2015

Before **VALIHURA, VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 17th day of July 2015, upon consideration of the notice to show cause, the appellant's response, and the appellee's reply, it appears to the Court that:

(1)    On June 15, 2015, the appellant, Richard Korn, filed a notice of appeal from a May 18, 2015 Court of Chancery order ("May 18 Order") implementing the Court of Chancery's April 22, 2015 post-trial opinion. The May 18 Order resolved the parties' ownership disputes regarding certain property, including an investment account. The May 18 Order further provided that Richard Korn would submit an accounting on funds withdrawn from the investment account, Sylvia Korn would submit a response to the accounting, and there would be a one day hearing on the accounting.

(2) On June 19, 2015, the Clerk issued a notice directing Richard Korn to show cause why the appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory order. In his response to the notice to show cause, Richard Korn stated that at the time he could have filed an application for certification of an interlocutory appeal, he was acting *pro se* and unaware of the requirements of Rule 42.[1] Richard Korn also stated that he was under the care of a psychologist. Finally, Richard Korn contended that the May 18 Order was final because it required him to transfer cemetery plot deeds to Sylvia Korn and gave Sylvia Korn sole ownership and control of the investment account.

(3) Sylvia Korn was asked to respond to Richard Korn's submission. In her response, Sylvia Korn contended that Richard Korn had displayed an understanding of court rules in two years of representing himself in the Court of Chancery action, ignorance of court rules did not excuse lack of compliance with Rule 42, and Richard Korn had met previous court deadlines while under the care of a psychologist. Sylvia Korn also argued that the May 18 Order was not final because the Court of Chancery scheduled a hearing to determine Richard Korn's monetary liability in connection with the withdrawal of funds from the investment account.

---

[1] Richard Korn is represented by counsel in this appeal.

2

(4)     After careful consideration of the parties' positions, we conclude that this appeal must be dismissed as interlocutory.  Absent compliance with Supreme Court Rule 42 ("Rule 42"), this Court is limited to the review of a trial court's final judgment.[2]  An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[3]

(5)     Under the May 18 Order, Richard Korn will submit an accounting on funds withdrawn from the investment account, Sylvia Korn will submit a response to the accounting, and the Court of Chancery will hold a one day hearing on the accounting.  Because the May 18 Order did not finally determine and terminate the Court of Chancery action, this appeal is interlocutory and Richard Korn was required to comply with the provisions of Rule 42.[4]

(6)     Richard Korn's *pro se* status does not relieve him from the requirements of Rule 42.[5]  His other reasons for failing to comply with Rule 42 are also without merit.  The appeal must be dismissed.

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[3] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).
[4] *Julian*, 440 A.2d at 991.
[5] *See, e.g.*, *Hall v. Danberg*, 2010 WL 2624382, at *1 (Del. July 1, 2010) ("Appellant's *pro se* status does not excuse his failure to comply with the Court's rules.").

3

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED. The filing fee paid by Richard Korn shall be applied to any future appeal he files from a final order entered in the case.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

4