IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANNE WILLIAMS,[1] | § | |
| | § | |
| Petitioner Below, | § | No. 346, 2015 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| DARREN THOMAS, III, | § | File No. CN14-03871 |
| | § | Petition No. 14-26178 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted:  July 10, 2015
Decided:    August 3, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 3rd day of August 2015, it appears to the Court that:

(1)    On July 2, 2015, the appellant, Anne Williams, filed a notice of appeal from a June 25, 2015 Family Court order denying her Motion for Change of Venue.  Williams had moved to transfer a custody proceeding from Delaware to Pennsylvania.

(2)    On July 6, 2015, the Senior Court Clerk issued a notice to show cause directing Williams to show why this appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory

---
[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

order. In her response to the notice to show cause, Williams addresses the merits, but not the interlocutory nature of her appeal.

(3) Absent compliance with Supreme Court Rule 42, this Court is limited to the review of a trial court's final judgment.[2] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in the case.[3] The docket of the Family Court proceedings reflects that the Family Court denied the Motion for Change of Venue on June 25, 2015 and a hearing on Williams' Petition for Modification of Custody was scheduled for July 9, 2015.

(4) The Family Court order denying the Motion for Change of Venue was interlocutory and Williams was required to comply with the provisions of Rule 42.[4] Williams did not do so. The Family Court's dismissal of Williams' Petition for Modification of Custody after Williams failed to appear for the July 9, 2015 hearing does not cure the jurisdictional defect created by the premature filing of the notice of appeal.[5] Accordingly, this appeal must be dismissed.

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[3] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

[4] *Julian*, 440 A.2d at 991.

[5] *Gunzl v. Spayd*, 1999 WL 506224, at *1 (Del. Apr. 8, 1999).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice