**Debro Siddiq ABDUL–AKBAR, Plaintiff Below–Appellant,**

v.

**Karen WASHINGTON–HALL, Defendant Below–Appellee.**

No. 382, 1994.

Supreme Court of Delaware.

Submitted: Oct. 27, 1994.
Decided: Nov. 7, 1994.

809

Debro Siddiq Abdul–Akbar, pro se.

Richard E. Fairbanks, Jr., Deputy Atty. Gen., Wilmington, defendant.

Before VEASEY, C.J., HOLLAND, and BERGER, JJ.

HOLLAND, Justice:

On August 23, 1994, plaintiff-appellant, Debro Siddiq Abdul–Akbar ("Abdul–Akbar"), filed a motion in the Superior Court for a writ of mandamus and injunctive relief, and a complaint under the State Tort Claims Act. The defendant-appellee, Karen Washington-Hall, is a counselor in a drug treatment and rehabilitation program, called the Key Program, which is sponsored by the Department of Corrections. She is represented in this appeal by the Department of Justice ("the State"). Abdul–Akbar is an incarcerated individual who allegedly was denied admittance into the Key Program.

Abdul–Akbar did not pay the requisite fees upon filing his writs and complaint in the Superior Court, but instead requested to proceed *in forma pauperis*. On August 29, 1994, the Superior Court denied Abdul–Akbar's application to proceed *in forma pauperis* because his writs and complaint, on their face, failed to state a claim that would entitle him to the relief he requested. On September 12, 1994, Abdul–Akbar filed a petition for reconsideration of the August 29 Order, which the Superior Court denied on September 28.

Abdul–Akbar now appeals the Superior Court's Order denying his petition for reconsideration. The State has moved to dismiss the appeal, pursuant to Supreme Court Rule 29(b), on the ground that Abdul–Akbar is seeking review of an unappealable interlocutory order. We agree.

■■■ The denial of a petition to proceed *in forma pauperis* is an interlocutory order for which appellate review is available only upon compliance with Supreme Court Rule 42. This Court requires strict compliance with Rule 42 whenever a party seeks review of an interlocutory order in a civil case. *Julian v. State*, Del.Supr., 440 A.2d 990, 991 (1982). Abdul–Akbar's failure to comply with Rule 42 in any respect requires dismissal of this appeal.

NOW, THEREFORE, IT IS ORDERED pursuant to Supreme Court Rule 29(b) that the within appeal be, and the same hereby is,

DISMISSED.