JAMES ARTHUR BIGGINS, Plaintiff Below-Appellant,
v.
DEBBIE RODWELLER, CHRISTINE MALANEY, THOMAS L. CARROLL, ELIZABETH BURRIS, DAVID PIERCE, LISA MERSON, and MICHAEL McCREANOR, Defendants Below-Appellees.
No. 296, 2008.
Supreme Court of Delaware.
Submitted: October 2, 2008.
Decided: October 3, 2008.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 3rd day of October 2008, upon consideration of the briefs of the parties, it appears to the Court that:
(1) The plaintiff-appellant, James A. Biggins, filed an appeal from the Superior Court's May 15, 2008 order denying his petition to proceed in forma pauperis ("IFP") and dismissing his appeal from a decision of the Court of Common Pleas. We find no merit to the appeal. Accordingly, we affirm.
(2) In February 2006, Biggins filed a complaint against prison officials in the Justice of the Peace Court requesting reimbursement for money he alleged was wrongfully deducted from his inmate account. The money at issue was $36.40 and $23.20. In July 2006, the Justice of the Peace Court found in favor of the defendants, concluding that Biggins had presented no evidence to support his claim. Biggins then appealed to the Court of Common Pleas.
(3) The Court of Common Pleas denied Biggins' petition for IFP status and ordered him to pay the filing fee. When the appeal was dismissed for failure to pay the filing fee, Biggins appealed to the Superior Court. The Superior Court denied Biggins' IFP petition and dismissed his appeal as factually and legally frivolous.
(4) It is well-established that the Superior Court's denial of an IFP petition is an interlocutory ruling subject to the requirements of Supreme Court Rule 42.[1] As such, Biggins' appeal from the Superior Court's denial of his IFP petition is interlocutory. Because Biggins has made no attempt to comply with the requirements of Rule 42, his appeal from the Superior Court's denial of his IFP petition must be dismissed.
(5) Biggins also claims that the Superior Court abused its discretion when it dismissed his appeal from the decision of the Court of Common Pleas. In support of this claim, Biggins states only that the Superior Court's "ruling was without reasonable judgment of the case facts. Instead, the court treated the appellant's appeal request as a summary judgment ruling as a matter of law." Because the Superior Court has discretion to determine whether an appeal from the Court of Common Pleas is frivolous as a matter of law,[2] there is no merit to Biggins' claim that the Superior Court abused its discretion on that basis.
NOW, THEREFORE, IT IS ORDERED that Biggins' appeal from the Superior Court's denial of his IFP petition is DISMISSED as interlocutory. The Superior Court's dismissal of Biggins' appeal from the Court of Common Pleas is AFFIRMED.
NOTES
[1] Abdul-Akbar v. Washington-Hall, 649 A.2d 808, 809 (Del. 1994).
[2] Del. Code Ann. tit. 10, § 8803(b); Super. Ct. Civ. R. 72(i).