JAMES ARTHUR BIGGINS, Petitioner Below-Appellant,
v.
THOMAS CARROLL, et al., Respondents Below-Appellees.
No. 177, 2008.
Supreme Court of Delaware.
Submitted: August 22, 2008.
Decided: October 3, 2008.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 3rd day of October 2008, upon consideration of the briefs of the parties, it appears to the Court that:
(1) The petitioner-appellant, James Arthur Biggins, filed this appeal from the Superior Court's January 31, 2008 order denying his petition to proceed in forma pauperis ("IFP") and its February 11, 2008 order summarily dismissing his petition for a writ of mandamus.[1] We find no merit to the appeal. Accordingly, we affirm.
(2) Biggins is an inmate incarcerated at the Delaware Correctional Center in Smyrna, Delaware. His petition for a writ of mandamus filed in the Superior Court requested relief from a number of alleged constitutional violations on the part of prison officials and prison medical personnel. The Superior Court denied Biggins' IFP petition on the ground that his prison account statement reflected that he had sufficient funds to pay court costs. The Superior Court denied Biggins' mandamus petition on the ground that it was legally frivolous because it failed to state a cause of action against the defendants, failed to state a violation of any of Biggins' rights, and failed to overcome any privilege or immunity applicable to the defendants.[2]
(3) It is well-established that the Superior Court's denial of an IFP petition is an interlocutory ruling subject to the requirements of Supreme Court Rule 42.[3] As such, Biggins' appeal from the Superior Court's denial of his IFP petition is interlocutory. Because Biggins has made no attempt to comply with the requirements of Rule 42, his appeal from the Superior Court's denial of his IFP petition must be dismissed.
(4) On the issue of the Superior Court's dismissal of his mandamus petition, Biggins' brief merely lists twelve alleged constitutional violations by prison officials and prison medical personnel, with citations to federal case law, after each of which the word "Argument" is inserted and under that, the words "Inter Alia: Complaint." Biggins fails to provide even the barest discussion of why he believes the Superior Court either abused its discretion or committed legal error when it dismissed his mandamus petition. Because Biggins' brief is devoid of any argument in support of his appeal, there is no basis for reversal and the Superior Court's order dismissing Biggins' petition for a writ of mandamus must be affirmed.
NOW, THEREFORE, IT IS ORDERED that Biggins' appeal from the Superior Court's denial of his IFP petition is DISMISSED as interlocutory. The Superior Court's dismissal of Biggins' petition for a writ of mandamus is AFFIRMED.
NOTES
[1] A notice to show cause was issued following Biggins' untimely appeal. Supr. Ct. R. 6(a) (iii). The notice was discharged, however, upon a showing by Biggins that the untimely filing resulted from the actions of court-related personnel. Bey v. State, 402 A.2d 362, 363 (Del. 1979).
[2] Del. Code Ann. tit. 10, § 8803(b).
[3] Abdul-Akbar v. Washington-Hall, 649 A.2d 808, 809 (Del. 1994).