JAMES ARTHUR BIGGINS, Plaintiff Below, Appellant,
v.
CARL DANBERG, et al., Defendants Below, Appellees.
No. 231, 2009.
Supreme Court of Delaware.
Submitted: June 2, 2009
Decided: July 6, 2009
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice
This 6th day of July 2009, upon consideration of the Clerk's notice to show cause, the appellant's response, the State appellees' memorandum in support of dismissal, and the appellant's reply, it appears to the Court that:
(1) The plaintiff-appellant, James Arthur Biggins, is a prisoner in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. The defendants-appellees are Delaware Department of Correction officials represented by the State ("State appellees") and employees of Correctional Medical Service, Inc.
(2) On August 1, 2008, Biggins filed a complaint with leave to proceed in forma pauperis in the Superior Court. By order dated August 13, 2008, the Superior Court granted Biggins in forma pauperis status and ordered service of process.
(3) On March 12, 2009, the defendants filed motions to revoke Biggins' in forma pauperis status. After a hearing on April 1, 2009, the Superior Court revoked Biggins' in forma pauperis status and ordered him to pay treble filing fees within thirty days. Thereafter, by order dated April 16, 2009, the Superior Court denied Biggins' motion for reargument. This appeal followed.
(4) On April 28, 2009, the State appellees filed a Motion to Compel Immediate Payment of Full Filing Fees and for Related Relief in this Court. The State appellees sought an order denying Biggins' motion to proceed in forma pauperis in this Court.
(5) On April 29, 2009, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing that Biggins show cause why the appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. In response to the notice to show cause, Biggins contends that the appeal is from a final order.
(6) It is well-established that a trial court's denial of in forma pauperis status is an interlocutory ruling that is subject to the requirements of Supreme Court Rule 42.[1] This Court requires strict compliance with Rule 42 whenever a party seeks review of an interlocutory ruling in a civil case.[2] Biggins has made no attempt to comply with Rule 42 in this case. Accordingly, dismissal of the appeal is appropriate.[3]
NOW, THERFORE, IT IS ORDERED that the within appeal is DISMISSED pursuant to Supreme Court Rules 29(b) and 42. The Motion to Compel Immediate Payment of Full Filing Fees and for Related Relief is moot.
NOTES
[1] Abdul-Akbar v. Washington-Hall, 649 A.2d 808, 809 (Del. 1994).
[2] Julian v. State, 440 A.2d 990, 991 (Del. 1982).
[3] See, e.g., Brown v. Carroll, 2005 WL 2179389 (Del. Supr.) (dismissing as interlocutory appeal from order revoking in forma pauperis status).