ABDULLAH G. HUBBARD, Defendant Below-Appellant,
v.
COMMISSIONER CARL DANBERG, et al., Plaintiff Below-Appellee.
No. 365, 2009.
Supreme Court of Delaware.
Submitted: July 10, 2009.
Decided: July 16, 2009.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice
This 16th day of July 2009, it appears to the Court that:
(1) On June 23, 2009, the Court received Abdullah Hubbard's notice of appeal from a Superior Court order, dated April 27, 2009, which denied Hubbard's motion to proceed in forma pauperis in that court. The Senior Court Clerk issued a notice to Hubbard to show cause why his appeal should not be dismissed on the grounds that it was not filed in a timely manner and because Hubbard failed to comply with Supreme Court Rule 42 when appealing from an apparent interlocutory.
(2) Hubbard filed a response to the notice to show cause on July 6 and also filed additional documents to attach to his response on July 10. Hubbard's response reflects that he filed a motion for reconsideration of the Superior Court's denial of his motion to proceed in forma pauperis. The Superior Court denied his motion for reconsideration on June 5, 2009. Hubbard asserts that his appeal should be deemed timely because it was filed within thirty days of the June 5, 2009 order. His response to the rule to show cause requests additional time to address the interlocutory nature of his appeal.
(3) After careful consideration, the Court finds no basis to grant Hubbard additional time to address his failure to comply with Supreme Court Rule 42 when appealing from an interlocutory order. It is clear that the order denying Hubbard's motion to file his complaint in forma pauperis is an interlocutory order.[1] The Superior Court noted that, if Hubbard did not pay the necessary filing fee by June 24, then his appeal would be dismissed. Hubbard, however, filed this appeal on June 23, thus divesting the Superior Court of jurisdiction to take further action in his case by filing the order of dismissal. Until the Superior Court enters an order dismissing Hubbard's complaint with prejudice, the order denying in forma pauperis status is an interlocutory order and an appeal therefrom must be filed in compliance with Rule 42. Hubbard has made no attempt to comply with the requirements of Rule 42. Accordingly, his appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Abdul-Akbar v. Washington-Hall, 649 A.2d 808, 809 (Del. 1994).