IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | § | |
| | § | |
| Plaintiff Below- | § | No. 666, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Court of Chancery |
| | § | of the State of Delaware, |
| PERRY PHELPS, *et al.*, | § | C.A. No. 5121 |
| | § | |
| Defendants Below- | § | |
| Appellees. | § | |

Submitted: December 22, 2014
Decided: January 20, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 20th day of January 2015, it appears to the Court that:

(1) On December 1, 2014, the Court received James Biggins' notice of appeal from a Court of Chancery order dated October 31, 2014. The order revoked Biggins' *in forma pauperis* status and stated that the Court of Chancery would not consider the merits of Biggins' complaint until he properly filed his action and paid the necessary filing fees. The Chief Deputy Clerk issued a notice to Biggins to show cause why his appeal should not be dismissed on the ground that he failed to comply with Supreme Court Rule 42 when appealing from an apparent interlocutory.

(2)     Biggins filed a response to the notice to show cause on December 22. He contends that the appeal should not be considered interlocutory because the Court of Chancery stated that it would dismiss his appeal within 60 days if Biggins failed to pay the required fees.

(3)     It is clear that the order on appeal revoking Biggins' *in forma pauperis* status is an interlocutory order.[1]  The Court of Chancery noted that, if Biggins did not pay the necessary filing fee within 60 days, then his appeal would be dismissed.  Biggins, however, filed this appeal before the expiration of the 60-day period, thus divesting the Court of Chancery of jurisdiction to take further action in his case by filing the order of dismissal.  Until the Court of Chancery enters an order dismissing Biggins' complaint with prejudice, the order revoking his *in forma pauperis* status is an interlocutory order and an appeal therefrom must be filed in compliance with Rule 42.  Biggins has made no attempt to comply with the requirements of Rule 42.  Accordingly, his appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:

_____
Justice

---

[1] *Abdul-Akbar v. Washington-Hall*, 649 A.2d 808, 809 (Del. 1994).

-2-