# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

IN RE: ASBESTOS LITIGATION: )
Limited to: )
MARY ANNE HUDSON )
        Plaintiff, )
        Respondent, )
v. )    **C.A. No. N14C-03-247 ASB**
         )
INTERNATIONAL PAPER, )
COMPANY, et al. )
        Defendant, )
        Petitioner. )

Submitted: September 14, 2015
Decided: September 24, 2015

## ORDER REFUSING TO CERTIFY AN INTERLOCUTORY APPEAL

This 24th day of September, 2015, upon consideration of Defendant International Paper Company's ("International Paper") application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, originally dated August 25, 2015,[1] corrected August 31, 2015,[2] and captioned *In re: Asbestos Litigation (Hudson)*, it appears to the Court that:

---

[1]    2015 WL 5016493 (Del. Super. Ct. Aug. 25, 2015).

[2]    *In re: Asbestos Litigation (Hudson)*, Del. Super. Ct., C.A. No. N14C-03-247, Wallace, J. (Aug. 31, 2015) (D. I. 276) (not yet posted by Westlaw).

(1)     This is an asbestos case originally brought by Plaintiff Mary Hudson in 2014.[3]   On May 26, 2015, International Paper moved to dismiss all claims against it for lack of personal jurisdiction citing the United States Supreme Court decision *Daimler AG v. Bauman*.[4]  Plaintiff filed a timely response in opposition to International Paper's motion.[5]   Following oral argument, this Court denied International Paper's motion to dismiss on July 9, 2015.[6]  International Paper then filed a Motion for Reargument of the Court's denial on July 16, 2015,[7] which Plaintiff also opposed.[8]  The Court denied the motion for reargument on August 25, 2015.[9]

(2)     International Paper's application for certification is not altogether clear as to what is sought.  Is International Paper looking for certification of a

---

[3]     *See* Compl. (D.I. 1).

[4]     Def.'s Mot. to Dismiss at 1 (D.I. 174).

[5]     Pl.'s Opp. to Def.'s Mot. to Dismiss (D.I. 213).

[6]     *See* Hr'g Tr., July 9, 2015 (D.I. 287); Order on Def.'s Mot. to Dismiss (ORDER) (D.I. 246).

[7]     Def.'s Mot. Reargument (D.I. 253).

[8]     Pl.'s Opp. to Def.'s Mot. Reargument (D.I. 254).

[9]     Order on Def.'s Mot. Reargument (ORDER) (D.I. 273); Corrected Order on Def.'s Mot. Reargument (ORDER) (D.I. 276).

question of law under Rule 41,[10] or certification of an interlocutory appeal under Rule 42?[11] International Paper first asks the Court for "an order certifying the following question of law for Supreme Court review:

> Whether, by registering to do business in Delaware pursuant to Del. Code Ann. Tit. 8, §§ 376 and 371, IP consented to general jurisdiction in Delaware for any and all actions, including actions with no relationship to Delaware, despite the holding in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014) and its progeny, which restricted the imposition of general jurisdiction to only those States where a defendant was 'essentially at home?'"[12]

But International Paper then goes on to cite Rule 42, engage that rule's analytical framework, and ask for certification of an interlocutory appeal under Rule 42.[13] As the bulk of its request invokes it, the Court will consider International Paper's application under Rule 42.

(3) Under Rule 42, the Court must: (1) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits

---

[10] Del. Supr. Ct. R. 41 (Certification of Questions of Law) ("Other Delaware courts may on motion . . . certify to th[e Delaware Supreme] Court for decision a question or questions of law arising in any case before it . . .").

[11] Del. Supr. Ct. R. 42 (Interlocutory Appeals).

[12] Def.'s Appl. For Certification of Interlocutory Appeal at 1; *id* at 12 (International Paper again refers to the "question presented" for certification).

[13] *Id.* at 5-13; *id.* at 1 ("Pursuant to Delaware Supreme Court Rule 42 ("Rule 42"), International Paper ("IP") . . . files their Application for Certification of Interlocutory Appeal . . ."); *id.* at 5 ("Certification is proper because the issue at bar meets the criteria established by Rule 42.").

appellate review before a final judgment;"[14] (2) decide whether to certify via consideration of the eight factors listed in Rule 42(b)(iii);[15] (3) consider the Court's own assessment of the most efficient and just schedule to resolve the case;[16] and then (4) identify whether and why the likely benefits of interlocutory review

---

[14]    Del. Supr. Ct. R. 42(b)(i).

[15]

    (A) The interlocutory order involves a question of law resolved for the first time in this State;

    (B) The decisions of the trial courts are conflicting upon the question of law;

    (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

    (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

    (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

    (F) The interlocutory order has vacated or opened a judgment of the trial court;

    (G) Review of the interlocutory order may terminate the litigation; or

    (H) Review of the interlocutory order may serve considerations of justice.

Del. Supr. Ct. R. 42(b)(iii).

[16]    Del. Supr. Ct. R. 42(b)(iii).

-4-

outweigh the probable costs, such that interlocutory review is in the interests of justice.[17]

(4)     The first step in engaging a Rule 42 analysis requires that the Court identify the order for which certification and appellate review is sought.  So the Court must now determine exactly which of its interlocutory orders International Paper asks this Court to certify for appeal—its order on the motion to dismiss, its order on the motion for reargument, or both.

(5)     While this may seem a simple task, the applicant here has not made it so.  International Paper had the opportunity to request certification of the denials of both its motion to dismiss and its motion for reargument.  Finality of the July 9, 2015 order denying dismissal did not attach until disposition of its timely reargument request.  International Paper could have then sought certification of the underlying denial of the motion to dismiss, the denial of the motion for reargument, or both.[18]  But International Paper has not sought certification of

[17]     *Id.*  Those "probable costs" are informed, in part, by Rule 42(b)(ii), *i.e.*, interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."  Del. Supr. Ct. R. 42(b)(ii).

[18]     *See Hessler, Inc. v. Farrell*, 260 A.2d 701 (Del. 1969) ("Finality does not attach to any judgment while a Rule 59 motion addressed to it is pending before the Trial Court."); *Preform Bldg. Components, Inc. v. Edwards*, 280 A.2d 697, 698 (Del. 1971) (holding that timely motion for reargument tolls appeal period, but untimely motion does not); *Stepak v. Tracinda Corp.*, 1989 WL 149552, at *1 (Del. Nov. 9, 1989) (internal citations omitted) (timely motion for reargument also tolls the time limit within which to seek certification for interlocutory appeal); *Hazout v. Tsang Mun Ting*, Del. Supr., No. 353, 2015, Seitz, J. (Aug. 6, 2015) (accepting interlocutory appeal from two of this Court's orders – one denying motion to dismiss and the

both—it has asked only for certification of the order denying reargument.[19] International Paper did not apply for certification of this Court's denial of its motion to dismiss; and any such application is likely now time-barred.[20] Because International Paper expressly asks for certification of this Court's denial of its motion for reargument (both here and in its notice of appeal),[21] the Court might rightly consider certification only of its August 25th order (as corrected) denying International Paper's motion for reargument.

---

second an order denying reargument thereon); *id*. at 4 (*Stepak*'s tolling rule remains unchanged under recently amended Rule 42).

[19] *See* Def.'s Appl. for Certification of Interlocutory Appeal at 1 (asking for "Certification of Interlocutory Appeal of this Court's August 25 (and subsequently corrected August 31), 2015 Order"); Def.'s Proposed Order Granting Leave to Appeal from Interlocutory Order (proposing "certifying an appeal from the interlocutory order of this Court, dated August 25, 2015 (and subsequently corrected August 31, 2015) and that it be "'SO ORDERED that the Court's order of August 25, 2015, is hereby certified to the Supreme Court . . .'"); Ex. 7 to Appl. for Certification of Interlocutory Appeal (August 25 Order). *See also* Not. of Appeal, *International Paper v. Hudson*, No. 508, 2015 (Del. filed Sept. 17, 2015) ("The interlocutory order was entered on August 25, 2015 and subsequently corrected on August 31, 2015."); Renot. of Appeal, *International Paper v. Hudson*, No. 508, 2015 (Del. filed Sept. 18, 2015) (same). *But see* Def.'s Appl. for Certification of Interlocutory Appeal at 12 ("By denying IP's motion to dismiss, the trial court's order (the subject of the interlocutory appeal) sustained the controverted jurisdiction of the trial court.").

[20] The Court's order denying International Paper's motion to dismiss was entered on July 9, 2015, but the order denying its motion for reargument was entered on August 25, 2015. Accounting for the tolling during the pendency of the motion for reargument, International Paper had until September 4, 2015 to file for certification of appeal of the order denying the motion to dismiss. *See* n.18 *supra*; Del. Supr. Ct. R. 42 (c)(i) (an application for certification of an interlocutory appeal usually must be served and filed in the trial court "within 10 days of the entry of the order from which the appeal is sought").

[21] *See* Def.'s Not. to Appeal, *International Paper v. Hudson*, No. 508, 2015 (Del. filed Sept. 17, 2015).

(6)     When doing so, the Court must first determine if that which International Paper seeks certification of "decides a substantial issue of material importance that merits appellate review before a final judgment."[22]  It does not. International Paper, by asking the Court to certify an appeal only of its order on reargument, seeks Supreme Court review limited to this Court's basis for denying that motion.  International Paper's application does not extend to the substance and merits of its motion to dismiss, *i.e.*, whether or not it is subject to personal jurisdiction of the Court in this case.  Instead, International Paper would obtain review of whether it met its heavy burden under Superior Court Rule of Civil Procedure 59 to demonstrate that this Court was required to correct an error of law or prevent manifest injustice deriving from its initial judgment.[23]  That is not a substantial issue worthy of certification.[24]  Even if it was, the application does not otherwise meet the standards for certification.  As to the discrete issue of immediate review of the Court's reargument decision:  not one of the Rule 42(b)(iii) factors is met; it would be not promote the most efficient and just

---

[22]     Del. Supr. Ct. R. 42(b)(i).

[23]     *See Hessler*, 260 A.2d at 702 ("manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors"); *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. Ct. July 31, 2008); *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007).

[24]     *See, e.g., Rabspan, Inc. v. Ryland Grp., Inc.*, 2004 WL 2743400, at *1 (Del. Nov. 8, 2004) (refusing interlocutory appeal from orders on motions for reargument).

schedule to resolve this case; and the benefits of granting interlocutory review of such a limited question do not outweigh the probable costs.

(7) International Paper should have sought certification of the Court's July 9th order denying its motion to dismiss if it wanted the Court to consider the merits of its personal jurisdiction argument. It did not. And, because an applicant seeking review of an interlocutory order must strictly comply with the requirements of Rule 42,[25] the courts may be without jurisdiction to consider certification of its denial of its motion to dismiss.[26]

(8) But even if the Court were to consider certification of its July 9th denial of the motion to dismiss,[27] the Court would be required to apply the

---

[25] *See, e.g., Biggins v. Danberg*, 2009 WL 1913611, at *1 (Del. July 6, 2009) ("This Court requires strict compliance with Rule 42 whenever a party seeks review of an interlocutory ruling in a civil case."); *Liberty Mut. Ins. Co. v. Silva-Garcia*, 2012 WL 4165653, at *3 (Del. Super. Ct. Sept. 5, 2012) ("[B]efore the Supreme Court will accept an interlocutory appeal, the party seeking the appeal must adhere to the strict requirements set forth in the rule.").

[26] *See* Del. Supr. Ct. R. 42(a) (providing the jurisdiction of Supreme Court to hear and determine appeals in civil cases from trial courts' interlocutory orders "shall be exercised in accordance with" rule's provisions in certifying and accepting interlocutory appeals); *id.* at (c) (application must identify "the order from which the appeal is sought" and setting forth time limits in seeking certification by this Court); and *id.* at (d)(iv)(B) (requiring the filing of the "Order on Review. *The* interlocutory order from which the appeal is sought to be taken together with any opinion of the trial Court with respect *thereto*" with the notice of appeal). *See*, *e.g.*, *Samuel v. State*, 2010 WL 3245109, at *1 (Del. Aug. 17, 2010) (untimely appeal of underlying motion left supreme court only with jurisdiction to review disposition of Rule 59(e) reargument motion); *Parker v. State*, 2001 WL 213389, at *1 (Del. Feb. 26, 2001) (supreme court cannot consider merits of substantive decision if not timely appealed; can then only consider appeal of reargument motion).

[27] International Paper does refer to it once as the actual subject of its application. *See* Def.'s Appl. for Certification of Interlocutory Appeal at 12.

rigourous standard of Rule 42.[28] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[29] An exercise of personal jurisdiction does not affect the merits of Mrs. Hudson's personal injury asbestos claims against International Paper.[30] And while International Paper belatedly found some instances where personal jurisdiction may have been addressed in Rule 42 proceedings,[31] the Delaware Supreme Court has "repeatedly h[eld] that a denial of a motion to dismiss for lack of personal jurisdiction does not . . . determine a substantial issue."[32]

(9) The Court does agree that its decision sustained controverted jurisdiction. But other the Rule 42(b)(iii) factors are not met by this Court's decision that applied settled Delaware law and agreed with numerous Delaware

---

[28] *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citing Donald J. Wolfe, Jr. & Michael A. Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 14.04 (2008) (noting that Rule 42 contains "rigorous criteria" and the Supreme Court requires "strict compliance with Rule 42")).

[29] *Id.*; *Sprint Nextel Corp. v. iPCS , Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters.").

[30] *TowerHill Wealth Mgmt.,* 2008 WL 4615865, at *2.

[31] Def.'s Letter in Support of Appl. for Certification of Interlocutory Appeal at 1 (D.I. 286).

[32] *TowerHill Wealth Mgmt.,* 2008 WL 4615865, at *2 (citing cases); *see also Curran Composites, Inc. v. Total Holdings USA, Inc.*, 2009 WL 4170395, at *1 (Del. Nov. 25, 2009) (noting that Court of Chancery found, *inter alia*, that denial of motion to dismiss for lack of personal jurisdiction did not determine a substantial issue under Rule 42); *Aveta, Inc. v. Olivieri*, 2008 WL 4215973, at *1 (Del. Super. Ct. Sept. 10, 2008).

federal district court decisions that expressly addressed and held *Sternberg v. O'Neil*[33] – a 1988 Delaware Supreme Court case with which there is no conflicting Delaware state court decision – was still good Delaware law.[34] Surely review of the interlocutory order might terminate the litigation against this *one* defendant in this multi-defendant asbestos action, but the rest of the case will languish on this Court's docket awaiting disposition. In turn, the Court does not believe certification would promote the most efficient and just schedule to resolve the case. Nor will the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. The Court finds, therefore, that International Paper has failed to meet the strict standards for certification under Rule 42.

(10) "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[35] This case is not exceptional. And so the Court must refuse to certify this interlocutory appeal.

---

[33]    550 A.2d 1105 (Del. 1988).

[34]    *See Layne v. Gavilon Grain, LLC*, 2015 WL 5052849, at *1 (Del. Aug. 27, 2015).

[35]    Del. Supr. Ct. R. 42(b)(ii).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that International

Paper's Application for Certification of Interlocutory Appeal is hereby **DENIED.**

*/s/ Paul R. Wallace*
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary
cc:  All counsel via File & Serve