IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREDERICK W. SMITH, JR., | § | |
| | § | |
| Plaintiff Below, | § | No. 315, 2016 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| CONNECTIONS CSP, INC. and | § | C.A. No. N16C-03-279 |
| KATHERINE ADESCEMOLU, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: June 30, 2016
Decided: August 1, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## <u>ORDER</u>

This 1st day of August 2016, it appears to the Court that:

(1) On June 20, 2016, the appellant, Frederick W. Smith, Jr., filed a notice of appeal from a Superior Court order, dated and filed on June 7, 2015, that denied his untimely motion for reargument. Smith sought reargument of two Superior Court orders, dated April 5, 2016 and filed on May 9, 2016, that denied Smith's application to proceed *in forma pauperis* and required Smith to file an affidavit of merit under 18 *Del. C.* § 6853. The Prothonotary informed Smith that his complaint would be dismissed unless he paid the $200 filing fee and an affidavit of merit or motion to extend time to file the affidavit by May 27, 2016.

(2) On June 28, 2016, the Senior Court Clerk issued a notice to show cause directing Smith to show why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory order. In his response to the notice to show cause, Smith does not address his failure to comply with Rule 42.

(3) "The denial of a petition to proceed *in forma pauperis* is an interlocutory order for which appellate review is available only upon compliance with Supreme Court Rule 42."[1] Absent compliance with Supreme Court Rule 42, this Court is limited to the review of a trial court's final judgment.[2] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in the case.[3] The docket of the Superior Court proceedings does not reflect entry of an order dismissing Smith's complaint. Smith's failure to comply with Rule 42 requires the dismissal of this appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[1] *Abdul-Akbar v. Washington-Hall*, 649 A.2d 808, 809 (Del. 1994).
[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[3] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).