IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL M. WOODS, | § | |
| | § | |
| Plaintiff Below, | § | No. 505, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| MATT DENN, Attorney General; | § | C.A. No. N17C-05-197 |
| COLONEL NATHANIEL | § | |
| MCQUEEN, JR., Delaware State | § | |
| Police; DETECTIVE HARRIS; | § | |
| DETECTIVE DEFLAVIIS; DAVID | § | |
| PIERCE, Warden, J.T.V.C.C.; GTL | § | |
| HUMAN RESROUCES; CORRECT | § | |
| CARE SOLUTIONS, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: December 13, 2017
Decided: December 20, 2017

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 20th day of December 2017, having considered the notice to show cause and the appellant's response, it appears to the Court that:

(1) On November 30, 2017, the appellant, Daniel M. Woods, filed a notice of appeal from a Superior Court order, dated June 20, 2017 and docketed on June

26, 2017, that denied his motion for reconsideration.[1] Woods sought reconsideration of a Superior Court order, dated June 7, 2017, denying his motion to proceed *in forma pauperis* and requiring him to pay the $200 filing fee. On November 9, 2017, the Prothonotary informed Woods that his complaint would be dismissed unless he paid the $200 filing fee by December 1, 2017.

(2)     On November 30, 2017, the Senior Court Clerk issued a notice directing Woods to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory order. In his response to the notice to show cause, Woods argues the Superior Court should not have denied his motion to proceed *in forma pauperis*. He does not address his failure to comply with Rule 42.

(3)     "The denial of a petition to proceed *in forma pauperis* is an interlocutory order for which appellate review is available only upon compliance with Supreme Court Rule 42."[2] Absent compliance with Supreme Court Rule 42, this Court is limited to the review of a trial court's final judgment.[3] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in the case.[4] The docket of the Superior Court proceedings

---

[1] Based on the Superior Court docket, it appears Woods may not have been informed of the denial of his motion for reconsideration until November 9, 2017.

[2] *Abdul-Akbar v. Washington-Hall*, 649 A.2d 808, 809 (Del. 1994).

[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[4] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

does not reflect entry of an order dismissing Woods' complaint.  Woods' failure to comply with Rule 42 requires the dismissal of this appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice