**James JULIAN and Rose Julian; 76,229.67 Square Feet of Land, more or less, etc., and Unknown Owners, Defendants Below, Appellants,**

v.

**The STATE of Delaware, Upon the Relation of the SECRETARY OF the DEPARTMENT OF TRANSPORTATION, Plaintiffs Below, Appellees.**

Supreme Court of Delaware.

Submitted Jan. 11, 1982.

Decided Jan. 14, 1982.

John Van Brunt, Jr. (argued), Wilmington, for defendants-appellants.

David S. Lank (argued) and Aubrey B. Lank of Theisen, Lank, Mulford & Goldberg, P. A., Wilmington, for plaintiffs-appellees.

Before HERRMANN, C. J., QUILLEN and HORSEY, JJ.

PER CURIAM:

This appeal was filed on September 21, 1981 from an order of the Superior Court included in a letter opinion dated September 1, 1981.

The opening brief of the appellants describes the nature and stage of the proceeding in the following language:

"This is an appeal from an Order of the Superior Court granting the State's Motion to Dismiss and Strike certain affirmative defenses interposed in Defendant's Answer in a condemnation action pursuant to 10 Del.C. Chapter 61 (Courts and Judicial Procedure) as authorized by Title 13 Del.C. Chapter 1 (Highways).

"Specifically, the Answer raised the question of the sole applicability of Title 17 Del.C. § 175 (acquisition of property for controlled access facilities) to the proposed Taking and the State's Motion claimed the applicability of the general taking statute, 17 Del.C. § 137 as amended."

It is undisputed that this appeal is from an interlocutory order of the Superior Court. The appellants argue it is an appealable order, citing *1.27 Acres of Land v. State*, Del.Supr., 262 A.2d 641, 643 (1970). Since that case, however, this Court has adopted, effective March 31, 1978, Supreme Court Rule 42. The Rule has continuously provided since its adoption that appeals from interlocutory orders "shall be exercised in accordance with this rule" and has, since a May 1, 1981 amendment, specifically provided that "[n]o interlocutory order shall be reviewed by this Court unless the appeal therefrom has been accepted by this Court in accordance with the [Rule 42] procedure". The procedure set forth in Rule 42 was not followed in the processing of this appeal. Although the Court has reviewed the briefs and heard oral argument, and although the Court is mindful of the inconvenience to counsel and the parties, we can think of no valid reason for not enforcing the Rule in accordance with its terms.

The appeal is dismissed because it is an appeal from an interlocutory order and there was no compliance with the procedures set forth in Supreme Court Rule 42.