LINDA MERRITT (a/k/a LYN MERRITT), Defendant Below, Appellant, and
BUCK & DOE RUN VALLEY FARMS, LLC, a Delaware limited liability company, GRAYS FERRY PROPERTIES, LLC, a Delaware limited liability company, HOPELAND, LLC, a Delaware limited liability company, MERRITT LAND, LLC, a Delaware limited liability company, UNIONVILLE LAND, LLC, a Delaware limited liability company, MOORE STREET, LLC, a Delaware limited liability company, PDF PROPERTIES, LLC, a Delaware limited liability company, PANDORA FARMS, LLC, a Delaware limited liability company, And PANDORA RACING, LLC, a Delaware limited liability company, Nominal Defendants,
v.
R&R CAPITAL, LLC, a New York limited liability company, and FTP CAPITAL, LLC, a New York limited liability company, Plaintiffs Below, Appellees.
No. 529 2009.
Supreme Court of Delaware.
Submitted: September 28, 2009.
Decided: October 5, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
Carolyn Berger, Justice
This 5th day of October 2009, it appears to the Court that:
(1) On September 9, 2009, the appellant, Linda Merritt, filed a notice of appeal from the Court of Chancery's order dated September 3, 2009 in a declaratory judgment action.[1] In that order, the Court of Chancery vacated a stay, granted summary judgment against Merritt on one count of a three-count complaint, and removed Merritt as manager of nine Delaware limited liability companies ("the companies").[2] The Court also indicated that it would appoint a receiver to conduct an accounting, pay all appropriate expenses and debts of the companies, pay the balance of any capital account owed to Merritt and other members, and legally dissolve the companies.[3]
(2) On September 14, 2009, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing that Merritt show cause why the appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 ("Rule 42") when taking an appeal from an apparent interlocutory order. The notice directed Merritt to indicate in her response whether the September 3, 2009 order was entered pursuant to Court of Chancery Rule 54(b) ("Rule 54(b)").
(3) Merritt filed her response to the notice to show cause on September 28, 2009. Merritt did not indicate whether or not the September 3 order appealed from was entered pursuant Rule 54(b). She did, however, request that the Court discharge the notice on the basis that she had taken steps in the Court of Chancery to apply for certification of an interlocutory appeal from orders issued on July 10, 2009, September 3, 2009, September 14, 2009, and September 17, 2009. In support of her request to discharge the notice to show cause, Merritt filed a document entitled "notice of appeal from interlocutory order."[4] The "notice of appeal from interlocutory order" indicated that Merritt had filed an application for certification of an interlocutory appeal on September 15, 2009, and that her application was denied.
(4) Applications for interlocutory review are addressed to the sound discretion of this Court and are granted only in extraordinary cases.[5] The Court has no jurisdiction to accept an interlocutory appeal which, on its face, fails to conform to the requirements of Rule 42.[6]
(5) In this case, it appears to the Court that Merritt's application for certification was filed in the Court of Chancery on September 16, 2009. Therefore, as to the interlocutory order of July 10, 2009, the application was untimely filed.[7] Assuming arguendo that Merritt's application for certification complied with the procedural requirements of Rule 42 with respect to the orders of September 3 and 14, 2009, we conclude, in the exercise of our discretion, that the application for interlocutory review does not meet the substantive requirements of Rule 42(b).[8]
(6) In the Court of Chancery, an action involving multiple claims and/or multiple parties does not become final until the entry of the last judgment that resolves all claims as to all parties unless an interlocutory ruling as to a claim or party is certified pursuant to Rule 54(b). In this case, in the absence of a certification pursuant to Rule 54(b), Merritt's appeal must be dismissed as an interlocutory appeal that was not taken in procedural compliance with Rule 42 and will be otherwise refused.[9]
NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Supreme Court Rules 29(b) and 42, that this appeal is DISMISSED and REFUSED.
NOTES
[1] On September 23, 2009, Merritt filed a "supplemental notice of appeal" that purported to expand the appeal to include orders issued by the Court of Chancery on July 10, 2009, September 14, 2009 and September 17, 2009. Merritt's "supplemental notice of appeal" is a nonconforming document and is hereby stricken. Del. Supr. Ct. R. 34.
[2] R&R Capital, LLC v. Merritt, 2009 WL 2937101 (Del. Ch.).
[3] Id.
[4] On September 30, 2009, Merritt filed a "memorandum of law in support of amended notice of appeal from interlocutory order." That document is a nonconforming document and is hereby stricken. Del. Supr. Ct. R. 34.
[5] Del. Supr. Ct. R. 42(b), (d)(v)
[6] Del. Supr. Ct. R. 42(a); Julian v. State, 440 A.2d 990, 991 (Del. 1982). And as to any September 17, 2009 order, the application was premature.
[7] See Del. Supr. Ct. R. 42(c)(i) (providing that an application for certification of an interlocutory appeal must be served and filed with the trial court "within 10 days of the entry of the order from which the appeal is sought").
[8] See Del. Supr. Ct. R. 42(b) (listing criteria to be applied in determining certification and acceptance of interlocutory appeal). The September 14, 2009 order implements the order of September 3, 2009.
[9] This holding does not preclude the Court of Chancery from determining, upon appropriate application, whether a final judgment should be entered pursuant to Rule 54(b).