ROBERTO L. BENGOA, Defendant Below, Appellant,
v.
AVETA INC., MMM HOLDINGS, INC. and PREFERRED MEDICARE CHOICE, INC., Plaintiffs Below, Appellees.
No. 37, 2010.
Supreme Court of Delaware.
Submitted: February 22, 2010.
Decided: March 15, 2010.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 15th day of March 2010, upon consideration of the appellees' motion to dismiss, the appellant's response in opposition to the motion, and the appellees' reply, it appears to the Court that:
(1) By order dated December 11, 2008, the Court of Chancery granted the plaintiffs/appellees' motion to compel arbitration. This is the defendant/appellant's appeal from the Court of Chancery's orders of November 12, 2009, November 30, 2009 and December 24, 2009 in that action.
(2) The appellees seek dismissal of the appeal on the basis that the appellant did not comply with the procedural requirements of Supreme Court Rule 42 when filing an appeal from "a series of interlocutory orders." In his response opposing dismissal, the appellant contends that the appeal was properly filed under Supreme Court Rule 6 because the December 24, 2009 order, upon which this Court's jurisdiction is predicated, was a final judgment.
(3) Absent compliance with Supreme Court Rule 42, the jurisdiction of this Court is limited to the review of a final judgment of a trial court.[1] A judgment is deemed final and appealable if it is the trial court's "final act" in the case.[2]
(4) The record reflects that the December 24, 2009 order is not the Court of Chancery's "final act" in the underlying action. Indeed, the December 24, 2009 order expressly provided that "[t]he [November 30, 2009] injunction shall remain in effect until this Court enters a final judgment confirming an award in the arbitration."[3]
(5) The Court has no jurisdiction to accept an interlocutory appeal that, on its face, fails to conform to the requirements of Supreme Court Rule 42.[4] In the absence of the appellant's compliance with Supreme Court Rule 42, the Court concludes that this appeal is premature and must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rules 29(b) and 42, that the motion to dismiss is GRANTED, and this appeal is DISMISSED.
NOTES
[1] Julian v. State, 440 A.2d 990, 991 (Del. 1982).
[2] J.I. Kislak Mortgage Corp. v. William Matthews, Builder, Inc., 303 A.2d 648, 650 (Del. 1973) (quoting United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232-33 (1958)).
[3] Aveta, Inc. v. Bengoa, 986 A.2d 1166, 1190 (Del. Ch. 2009).
[4] Del. Supr. Ct. R. 42(a); Julian v. State, 440 A.2d 990, 991 (Del. 1982).