IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHELE A. HIGGINS and TERRENCE S. HIGGINS, | § § § | No. 672, 2014 |
| Defendants Below, Appellants, | § § § § | Court Below–Court of Chancery of the State of Delaware |
| v. | § § | |
| THE COUNCIL OF THE POINTE AT BETHANY BAY CONDOMINIUMS, | § § § § § | C.A. No. 7543-VCN |
| Plaintiff Below, Appellee. | § § § | |

Submitted: May 26, 2015
Decided: August 4, 2015

Before **HOLLAND**, **VAUGHN** and **SEITZ**, Justices.

### O R D E R

This 4th day of August 2015, it appears to the Court that:

(1) The appellants, Michele Higgins and Terrence Higgins (hereinafter "the Higgins"), filed this appeal from the Court of Chancery's November 26, 2014 order granting summary judgment to the appellee, The Council of the Pointe at Bethany Bay Condominiums (hereinafter "Bethany Bay"). Following the filing of the Higgins' opening brief, Bethany Bay filed a motion to affirm.

(2)     Upon review of the record, it appeared to the Court that the November 26 order on appeal granted summary judgment only on Count I of a three-count complaint filed by Bethany Bay. The Court directed the Clerk to issue a notice to the Higgins to show cause why the appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 when filing an appeal from an interlocutory order.

(3)     The Higgins filed a response to the notice to show cause followed by a "motion to supplement" the response. In both the response and the "motion to supplement," the Higgins contend that the November 26, 2014 order is a final order and that nothing remains to be litigated in the Court of Chancery. In both its reply to the response to the notice to show cause and its answer to the "motion to supplement," Bethany Bay contends that the Higgins' appeal is not from a final order because the Court of Chancery has yet to rule on Counts II and III of the complaint.

(4)     After careful consideration, the Court concludes that this appeal must be dismissed. Absent compliance with Supreme Court Rule 42, this Court is limited to the review of a trial court's final judgment.[1] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

2

its jurisdiction.[2] In this case, the Court of Chancery has not issued a final ruling on Counts II and III of Bethany Bay's complaint.

(5) Dismissal of the appeal renders the remaining unaddressed motions, namely Bethany Bay's motion to affirm and the Higgins' recent "motion to compel plaintiff inspection reports," moot. The filing fee paid by the Higgins shall be applied to any future appeal filed by them from a final order entered in the case.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED. The motion to affirm and "motion to compel plaintiff inspection reports" are DISMISSED as moot.

BY THE COURT:

Justice

---

[2] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

3