IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. BAILEY,[1] | § | |
| | § | |
| Petitioner Below, | § | No. 428, 2015 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware, |
| | § | in and for New Castle County |
| JACKIE J. JACKSON, | § | File No. CN08-05031 |
| | § | Petition Nos. 13-38057, 14-05488, |
| Respondent Below, | § | and 14-16798 |
| Appellee. | § | |

Submitted: August 31, 2015
Decided: October 6, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## ORDER

This 6th day of October 2015, it appears to the Court that:

(1)     On August 14, 2015, the appellant, Michael A. Bailey ("the Father"), filed a notice of appeal from two Family Court orders dated July 15, 2015 and July 28, 2015. The July 15, 2015 order required the appellee, Jackie J. Jackson (the Mother"), to answer the Father's petition for a mental health evaluation (the Father was previously enjoined from filing claims without leave of the Family Court under 10 *Del. C.* §8803) and denied the Father's request for certain medical records of the Mother. The July 28, 2015 order required the Mother to submit to a

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

mental health evaluation after the Father is released from prison. The orders arose in connection with the Father's petitions for modification of visitation and custody of the parties' daughter.

(2) On August 18, 2015, the Senior Court Clerk issued a notice to show cause directing Bailey to show why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in filing an appeal from interlocutory orders. In his response to the notice to show cause, Bailey acknowledges that his appeal is interlocutory, but contends that interlocutory review of the Family Court orders is necessary.

(3) It is undisputed that the Family Court orders are interlocutory. Absent compliance with Supreme Court Rule 42, this Court is limited to the review of a trial court's final judgment.[2] The Father has not complied with the requirements of Rule 42. Among other things, Rule 42 requires that a party first file an application for certification of an interlocutory appeal in the trial court.[3] The Family Court docket does not reflect that the Father filed an application for certification or otherwise followed the procedures for certification of an interlocutory appeal under Rule 42. Accordingly, this Court lacks jurisdiction to entertain the appeal and the appeal must be dismissed.

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[3] Supr. Ct. R. 42(c).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice