IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW B. SALZBERG, JULIE M.B. BRADLEY, TRACY BRITT COOL, KENNETH A. FOX, ROBERT P. GOODMAN, GARY R. HIRSHBERG, BRIAN P. KELLEY, KATRINA LAKE, STEVEN ANDERSON, J., WILLIAM GURLEY, MARKA HANSEN, SHARON MCCOLLAM, ANTHONY WOOD, RAVI AHUJA, SHAWN CAROLAN, JEFFREY HASTINGS, ALAN HENRICKS, NEIL HUNT, DANIEL LEFF, and RAY ROTHROCK, | § § § § § § § § § § § § § § § § § § § | No. 25, 2019<br><br>Court Below: Court of Chancery of the State of Delaware<br><br>No. 2017-0931 |
| Defendants Below, Appellants, | § § § | |
| and | § § | |
| BLUE APRON HOLDINGS, INC., STITCH FIX, INC. AND ROKU, INC., | § § § § | |
| Nominal Defendants Below, Appellants | § § § | |
| v. | § § | |
| MATTHEW SCIABACUCCHI, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff Below, Appellee. | § | |

Submitted: February 8, 2019
Decided: February 12, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## O R D E R

After consideration of the notice to show cause and the appellants' response, it appears to the Court that:

(1) On December 19, 2018, the Court of Chancery entered a decision granting summary judgment to the plaintiff-appellee. On January 11, 2019, the plaintiff-appellee filed a motion in the Court of Chancery for attorneys' fees and expenses. On January 17, 2019, the appellants filed a notice of appeal to this Court from the Court of Chancery's December 19 decision.

(2) The Senior Court Clerk issued a notice directing the appellants to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 in taking an appeal from an interlocutory order. In response to the notice to show cause, the appellants acknowledge that an order is interlocutory until any outstanding application for attorneys' fees is resolved by the trial court. But they argue that the plaintiff-appellees' motion for attorneys' fees was not timely and therefore was not "outstanding" when they filed their notice of appeal.

(3) This Court has consistently held that a judgment on the merits is not final and appealable until the trial court has ruled on an outstanding application for attorneys' fees.[1] A motion for an award of attorneys' fees based on alleged corporate

---

[1] *In re Rural Metro Corp. S'holders Litig.*, 2014 WL 7010818 (Del. Dec. 2, 2014).

benefit is currently pending in the Court of Chancery. The opinion from which the appellants appealed is therefore interlocutory because it did not finally determine and terminate the case before the Court of Chancery.[2] It is for the Court of Chancery to decide in the first instance whether the motion for fees was proper and whether a fee award is warranted.

(4) This appeal must be dismissed because it was taken from an interlocutory order. Absent compliance with Supreme Court Rule 42, this Court has no jurisdiction to hear this interlocutory appeal.[3]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] *See id.* (dismissing appeal as interlocutory where the Court of Chancery had entered opinion stating that judgment was entered against defendant for damages in the amount of $75,798,550.33; plaintiff had filed a fee application nineteen days later; then nine days after that, defendant had filed a notice of appeal from the damages award).

[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

3