IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| NICOLE DOBBINS,[1] | § |
| | § |
| | § No. 112, 2019 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN18-05559 |
| DIVISION OF SERVICES FOR | § Petition No. 18-28820 |
| CHILDREN, YOUTH AND THEIR | § |
| FAMILIES/DIVISION OF FAMILY | § |
| SERVICES (DSCYF/DFS) | § |
| | § |
| Petitioners Below, | § |
| Appellees. | § |

Submitted: May 2, 2019
Decided: June 26, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

After considering the notice of appeal from an interlocutory order under Supreme Court Rule 42, the notice to show cause, and the response, it appears to the Court that:

(1)     On March 13, 2019, the appellant, Nicole Dobbins, filed a notice of interlocutory appeal from a Family Court review hearing order, dated and docketed on February 26, 2019, in dependency and neglect proceedings involving Dobbins'

---

[1] The Court previously assigned a pseudonym to the appellant under Supreme Court Rule 7(d).

four-year-old child. The order stated, among other things, that the child would remain in the custody of DSCYF/DFS, Dobbins' counsel was discharged and new counsel would be appointed, and a pre-permanency hearing was scheduled for May 13, 2019. After Dobbins did not file a supplemental notice of interlocutory appeal under Rule 42(d)(iii) as she was directed to do and a review of the Family Court docket revealed that Dobbins had not filed an application for certification of her interlocutory appeal in the Family Court, the Clerk issued a notice directing Dobbins to show cause why this appeal should not be dismissed for her failure to comply with Rule 42. In her response to the notice to show cause, Dobbins argues the substantive merits of her appeal, but does not address her failure to comply with Rule 42.

(2) Absent compliance with Rule 42, this Court's jurisdiction is limited to the review of final judgments.[2] Under Rule 42, Dobbins was required to file an application for certification of the February 26th order in the Family Court within ten days of that order.[3] She was also required to file an application for certification in the Family Court before filing a notice of interlocutory appeal in this Court.[4] Instead she filed a notice of interlocutory appeal in this Court without ever filing an application for certification in the Family Court. In the absence of Dobbins'

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[3] Supr. Ct. R. 42(c)(i) ("Such application shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.").
[4] Supr. Ct. R. 42(c) (providing that "[a]n application for certification of an interlocutory appeal shall be made in the first instance to the trial court").

compliance with Rule 42, this appeal must be dismissed.[5]  Dobbins will have the

opportunity to challenge the Family Court's rulings when the Family Court enters a

final judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED that this appeal is

DISMISSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] *See supra* n.2.  *Collins v. Div. of Family Servs.*, 2011 WL 6740413, at *1 (Del. Dec. 21, 2011)
(dismissing appeal from order issued after preliminary protective hearing where the appellant
failed to comply with Rule 42).