IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| P&TI ACQUISITION COMPANY, INC., | § § § | No. 245, 2019 |
| Plaintiff Below, Appellant, | § § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § § | |
| MORGENTHALER PARTNERS VII, LP and MORGENTHALER MANAGEMENT PARTNERS VII, LLC, as Sellers' Representative, | § § § § § § | |
| Defendants Below, Appellees. | § | |

Submitted: June 26, 2019
Decided: July 30, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the notice to show cause, the appellant's response, and the appellees' reply, it appears to the Court that:

(1)    The plaintiff-appellant, P&TI Acquisition Company, Inc., filed this appeal from a decision of the Superior Court, dated May 9, 2019, which granted the defendants-appellees' motion to dismiss.  The Superior Court's order had the effect of resolving all claims asserted in Superior Court C.A. No. N18C-08-59 AML CCLD (the "P&TI Matter").

(2) On November 20, 2018, at the joint request of the parties, the Superior Court had entered an order that, among other things, consolidated the P&TI Matter with another case (the "MMP Matter"), filed by Morgenthaler Management Partners VII, LLC, which is one of the defendants-appellees in the P&TI Matter. The complaint in the MMP Matter asserted claims relating to the same stock purchase agreement that is at issue in the P&TI Matter. Proceedings in the MMP Matter are ongoing. In light of the consolidation order and the ongoing proceedings in the MMP Matter, on June 13, 2019, the Clerk of this Court issued a notice to the appellant to show cause why the appeal should not be dismissed for the appellant's failure to comply with Supreme Court Rule 42 when appealing an apparent interlocutory order.

(3) The appellant filed a response to the notice to show cause, arguing that the Superior Court's decision is a final, appealable order because it finally resolved all of the claims associated with the P&TI Matter. In their reply, the appellees contend that the appellant's response ignores the Superior Court's consolidation of the two cases. They argue that, because proceedings in the MMP Matter are ongoing, with trial currently scheduled for next year, this appeal is interlocutory.

(4) We agree with the appellees' position. An order is deemed final and appealable if the trial court has declared its intention that the order be the court's

final act in disposing of all justiciable matters within its jurisdiction.[1] Although the Superior Court e-filing system does not indicate that the cases are consolidated, such as by assigning a consolidated case name and number, it appears that it was the parties' and the Superior Court's intent that the cases would be consolidated.[2] Having consolidated the cases, the Superior Court's order dismissing the claims in the P&TI Matter did not dispose of all of the issues pending before the court.[3] Therefore, the ruling from which the appeal is taken is interlocutory.[4] Finally, the appellant admits that the Superior Court's order dismissing the claims in the P&TI Matter does not satisfy the criteria for bringing an interlocutory appeal, and P&TI is not seeking appellate review at this time, if the order is deemed to be interlocutory.

(5) This appeal must be dismissed because it was taken from an interlocutory order. Absent compliance with Supreme Court Rule 42, this Court has no jurisdiction to hear this interlocutory appeal.[5]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED without prejudice. Any docketing fee paid to this Court by the

---

[1] *Dickerson v. Phillips*, 2012 WL 3007947, at *1 (Del. July 24, 2012) (citing *J.I. Kislak Mortgage Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973)).
[2] *See P&TI Acquisition Co. v. Morgenthaler Partners VII, LP*, C.A. No. N18C-08-059 AML CCLD, Docket Entry No. 16 (Del. Super. Ct. Dec. 19, 2018) ("After consideration of the *joint proposal of the parties*, as well as the interests of justice, the Court *hereby consolidates* the above-referenced matters for purposes of discovery and trial, and enters this Case Management Order, which will apply to this *single, consolidated matter*." (emphasis added)).
[3] *Dickerson*, 2012 WL 3007947, at *1.
[4] *Id.* (citing *Julian v. State*, 440 A.2d 990 (Del. 1982)).
[5] *Julian*, 440 A.2d at 991.

appellant in conjunction with this appeal may be applied to a future appeal from a final order entered in the consolidated matter.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice