IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BENSON HILL FRESH, LLC, a Delaware limited liability company, and BENSON HILL BIOSYSTEMS, INC., a Delaware corporation, | § § § § | No. 140, 2020 |
| | § § | Court Below: Court of Chancery of the State of Delaware |
| Defendants Below, Appellants, | § § § | C.A. No. 2019-0599 JTL |
| v. | § § § | |
| J&J PRODUCE HOLDINGS, INC., a Delaware corporation, | § § § § | |
| Plaintiff Below, Appellee. | § | |

Submitted:  June 12, 2020
Decided:    June 17, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## O R D E R

After consideration of the notice to show cause, the appellants' response, and the appellee's reply, it appears to the Court that:

(1)    The appellants, Benson Hill Fresh, LLC and Benson Hill Biosystems, Inc. (collectively, "Benson Hill"), filed this appeal from decisions of the Court of Chancery dated March 5, 2020, March 11, 2020, and March 13, 2020, which resolved various motions for partial summary judgment brought by the appellee, J&J Produce Holdings Inc. ("J&J").

(2)     On April 15, 2020, the Senior Court Clerk issued a notice to the appellants to show cause why the appeal should not be dismissed for the appellants' failure to comply with Supreme Court Rule 42 when appealing an apparent interlocutory order.  After receiving the appellants' response, the Clerk of this Court requested that the appellee file a reply.  The appellants and the appellee agree that the Court of Chancery has not entered a final judgment in the case.[1]  Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[2]  The appeal therefore must be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED without prejudice.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] *See* Appellants' Response at 1 ("Appellants believe this appeal should be dismissed in its entirety as premature because no final order has been entered by the trial court."); Appellee's Reply at 2 ("The underlying orders are interlocutory.").

[2] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018); *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

2