IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DIVISION OF CHILD SUPPORT SERVICES, | § § § | No. 93, 2020 |
| Petitioner Below, Appellant, | § § § | Court Below: Family Court of the State of Delaware |
| v. | § § § | File No.   CN14-03290 Pet. No.   19-15313 |
| KEVIN SHAW,[1] | § § | |
| Respondent Below, Appellee. | § § § | |

Submitted:  November 13, 2020
Decided:  December 22, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# O R D E R

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    The appellant, the Delaware Division of Child Support Services (the "Division"), filed this appeal from two decisions of the Family Court:  (i) a decision dated November 14, 2019, which granted the request of the appellee ("Father") for review of a Commissioner's order, and (ii) a decision dated February 4 2020, which denied the Division's motion for reargument or relief from judgment with respect to

---

[1] The Court previously assigned pseudonyms pursuant to Supreme Court Rule 7(d).

the November 14, 2019 order. The effect of the Family Court's decisions was to reopen a default child support order that had been entered against Father, to allow him to present evidence that he contended would affect the calculation of the child support award.

(2) On November 4, 2020, the Clerk issued a notice to the Division to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when appealing an apparent interlocutory order. In response to the notice to show cause, the Division admits that it did not comply with Supreme Court Rule 42 and states that it "inadvertently filed pursuant to 10 *Del. C.* § 1053(a)(2) believing it was an independent basis upon which to request this appeal." The Division does not assert that the orders from which it appeals are final, and not interlocutory, in nature, but argues that the orders warrant interlocutory review.

(3) Title 10, Section 1053(a)(2) provides that, under certain circumstances and in the discretion of the appellate court, the "State may apply to an appellate court to permit an appeal to determine a substantial question of law or procedure, . . . but in no event shall the decision or result of the appeal affect the rights of the appellee."[2] It is not entirely clear that Section 1053(a)(2) applies to appeals in child support cases. We need not decide that issue, however, because even if that provision might

---

[2] 10 *Del. C.* § 1053(a)(2).

apply in certain child support appeals, the result of this appeal would "affect the rights of the appellee." Section 1053(a)(2) therefore does not authorize this appeal. Moreover, Section 1053(a)(2) does not excuse compliance with Supreme Court Rule 42; absent compliance with that rule, the appellate jurisdiction of this Court is limited to the review of final orders.[3]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018) (citing *Julian v. State*, 440 A.2d 990, 991 (Del. 1982)).