IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| REBECCA GARRISON,[1] | § | |
| | § | |
| Respondent Below, | § | No. 413, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | File No. K20I-02-259 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: December 23, 2020
Decided: February 1, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     The appellant is the respondent in a civil commitment proceeding in the Superior Court; the Superior Court appointed counsel to represent the appellant in that proceeding.  The appellant filed this *pro se* appeal from a decision of the Superior Court, dated November 24, 2020, which denied a motion for a transcript

---

[1] The Court has assigned a pseudonym to the appellant.

and an application to proceed *in forma pauperis*. The appellant also filed a motion for appointment of counsel in this appeal.

(2) The Senior Court Clerk issued a notice to the appellant to show cause why the appeal should not be dismissed for the appellant's failure to comply with Supreme Court Rule 42 when appealing an apparent interlocutory order. In response, the appellant states that she is unsatisfied with the efforts of appointed counsel and that, as a nonlawyer, she is unfamiliar with the appellate process. Along with the response, she also submitted a notice of appeal from interlocutory order from the November 24, 2020 order.

(3) We conclude that this appeal must be dismissed as interlocutory. Absent compliance with Supreme Court Rule 42—which requires an application to the trial court to certify the interlocutory appeal, among other requirements—the appellate jurisdiction of this Court is limited to the review of final orders.[2] A decision by a trial court denying a request for transcripts or denying a request to proceed *in forma pauperis* is interlocutory—that is, not final—in nature.[3] The appeal therefore must be dismissed.

---

[2] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018); *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[3] *See Small v. State*, 2015 WL 8013261 (Del. Dec. 4, 2015) (stating that a trial court order denying transcripts is interlocutory in nature); *In re Petition for Writ of Mandamus by Claudio*, 2001 WL 117986 (Del. Jan. 30, 2001) (same). *See also Brown v. Carroll*, 2005 WL 2179389 (Del. Sept. 7, 2005) ("It is well-established that the trial court's denial of in forma pauperis status is an interlocutory ruling that is subject to the requirements of Supreme Court Rule 42.").

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED. The motion for appointment of counsel is moot.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice