IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IMO LIQUIDATION OF | § | |
| INDEMNITY INSURANCE | § | No. 185, 2022 |
| CORPORATION, RRG | § | |
| | § | |
| | § | Court Below–Court of Chancery |
| | § | of the State of Delaware |
| | § | |
| | § | |
| | § | C.A. No. 8601 |
| | § | |

Submitted: July 5, 2022
Decided: July 28, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On April 10, 2014, the Court of Chancery entered a Liquidation and Injunction Order under the Delaware Uniform Insurers Liquidation Act ("DUILA") concerning the liquidation of Indemnity Insurance Corporation, RRG ("IIC"). Among other things, the Liquidation Order appointed Delaware's Insurance Commissioner as IIC's receiver (the "Receiver"). By order dated August 17, 2020, the Court of Chancery approved the Receiver's claim final determination plan and service plan (the "Plans"). According to the Receiver's fourth accounting, as of December 31, 2020, the estate had substantially completed its review of proof of

claims and has prepared approximately 2,945 notices of determination. On December 20, 2021, the Receiver filed its first claim recommendation report and a motion for order to show cause setting a deadline for claimants to object. The report and motion remain pending in the Court of Chancery.

(2) On February 23, 2021, the appellant, IIC's founder and former controller Jeffrey Cohen, filed objections to the Receiver's claim determinations and, on September 7, 2021, Cohen filed a motion for leave to file a complaint against the Receiver and its counsel. On April 14, 2022, the Court of Chancery denied Cohen's motions (the "Order). The Court of Chancery concluded, among other things, that the motion for leave to file a complaint was yet another inappropriate attempt by Cohen to bring an independent action subsumed within the liquidation proceeding. And the court found that, to the extent Cohen's objections to the Receiver's claim determinations had not previously been resolved, they would be addressed as contemplated by the Plans. This appeal followed.

(3) Because the case remains pending in the Court of Chancery, the Senior Court Clerk issued a notice directing Cohen to show cause why his appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.[1] In his response to the notice to

---

[1] Cohen filed his notice of appeal on May 31, 2022—more than thirty days after the Court of Chancery issued the Order. Cohen's appeal was therefore subject to dismissal on this basis alone. Del. Supr. Ct. R. 6(a)(i); *Carr v. State*, 554 A.2d 778, 779 (Del. 1989) ("Time is a jurisdictional

show cause, Cohen contends that the order is final because it prevents him from suing the Receiver.

(4)     At the Court's request, the Receiver also responded to the notice to show cause and argues that the Order is interlocutory.  Under the DUILA, "[a]n appeal shall lie to the Supreme Court from an order granting or refusing rehabilitation, liquidation or conservation and from every order in delinquency proceedings having the character of a final order as to the particular portion of the proceedings embraced therein."[2]  The Receiver observes that we recently held that the dismissal of a complaint in a rehabilitation proceeding does not have "the character of a final order" when the rehabilitation process is ongoing and it is possible that the petitioner could recover as part of that process.[3]  And the Receiver notes that the Court of Chancery emphasized that Cohen's objections to the Receiver's claim determinations may be made under the Plans.

(5)     "An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction."[4]  We agree with the Receiver that the Order is not a final and appealable order.  Absent compliance with Rule 42, this Court lacks

_____

requirement.  Accordingly, this Court has held that when an appeal is not filed within the statutory time period the Court is without jurisdiction to hear the appeal.").
[2] 18 *Del. C.* § 5902(e).
[3] *Protective Life Ins. Co. v. Navarro*, 2020 WL 5405865, at *3 (Del. Sept. 4, 2020).
[4] *Eastern All. Ins. Co. v. Henry*, 2021 WL 2418979, at *1 (Del. June 10, 2021).

jurisdiction to hear an interlocutory appeal.[5]  The appeal must therefore be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).