IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RIDGEWOOD MANOR HOA, | § | |
| | § | |
| Appellee Below, | § | No. 267, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| RIDGEWOOD MANOR MHC, LLC, | § | C.A. No. K21A-10-002 |
| | § | |
| Appellant Below, | § | |
| Appellee. | § | |

Submitted: August 16, 2023
Decided: August 29, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On August 1, 2023, Ridgewood Manor MHC, LLC ("the HOA") filed a notice of appeal from a Superior Court opinion, dated July 3, 2023, reversing an arbitrator's decision that Ridgewood Manor MHC, LLC ("the Landowner") had not satisfied one of the statutory conditions for an above-inflation rent increase under the Rent Justification Act, 25 *Del. C.* § 7050 *et seq.* In the notice of appeal, the HOA stated that the finality of the Superior Court's decision was unclear so the HOA was filing the appeal to preserve jurisdiction. The Senior Court Clerk issued a notice directing the HOA to show cause why this appeal should not be dismissed for its

failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. The notice also directed the parties to address whether the opinion appealed was interlocutory or final.

(2) In its response to the notice to show cause, the HOA states that the finality of the Superior Court's decision is unclear because there was no express remand to the arbitrator to address issues she had not resolved during the arbitration. The HOA does not oppose dismissal if the Superior Court's decision was interlocutory.

(3) The Landowner contends that the Superior Court's decision is interlocutory because issues in the case remain unresolved. The Superior Court reversed the arbitrator's ruling that the Landowner had not shown the proposed rent increase was directly related to the operation, maintenance, or improvement of the manufactured home community as required by the relevant version of Section 7052(a)(2).[1] But as the Landowner emphasizes, the arbitrator did not address whether the Landowner had shown that the proposed rent increase was justified by one of the factors listed in Section 7052(c)—in this case market rent under Section 7052(c)(7)—as also required by Section 7052(a)(2).

---

[1] Effective July 1, 2022, Section 7052(a)(2) was redesignated 7052(b)(2) and Section 7052(c) was redesignated Section 7052(d).

2

(4)    Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[2]  "A final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration."[3]  The Superior Court's opinion is not final because it did not resolve whether the Landowner satisfied all of the statutory conditions for an above-inflation rent increase and it left issues for future determination.  This appeal must be dismissed as interlocutory.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[3] *Braddock v. Zimmerman*, 906 A.2d 776, 780 (Del. 2005).

3