IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN H. KLEIN, | § | |
| | § | No. 314, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N20C-03-300 CCLD |
| BLUE VALLEY, LLC, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 19, 2023
Decided:　　September 20, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)　　The plaintiff-appellee, Blue Valley, LLC, filed a complaint in the Superior Court alleging that the defendant-appellant, John H. Klein, fraudulently induced Blue Valley to invest $7 million in Cambridge Therapeutic Technologies, LLC ("CTT"), breached the unit purchase agreement (the "UPA") under which Blue Valley made its investment in CTT, and breached his agreement to indemnify Blue Valley against damages sustained from a breach of the UPA. Blue Valley later filed an amended complaint, which asserted the claim for breach of the UPA against CTT

and the claims for breach of the indemnification agreement and for fraudulent inducement against Klein.

(2)     Blue Valley moved for summary judgment on its claims for breach of the UPA and breach of the indemnification agreement.  In May 2023, the Superior Court entered a consent order in which Blue Valley and CTT agreed that judgment would be entered against CTT, as to liability only, on Blue Valley's claim for breach of the UPA.  The Superior Court later granted Blue Valley's motion for summary judgment on its claim against Klein for breach of the indemnification agreement.  The court entered judgment in favor of Blue Valley and against Klein for $7,000,000 in damages; its attorneys' fees and taxable costs of suit, in an amount to be determined by the court upon Blue Valley's motion; and pre- and post-judgment interest at the legal rate.  On August 17, 2023, Blue Valley filed a motion for attorneys' fees, expenses, and taxable costs.  Klein has filed an opposition to Blue Valley's motion, and the motion remains pending in the Superior Court.[1]

(3)     Klein appealed to this Court from the Superior Court's summary judgment decision.  The Senior Court Clerk issued a notice directing Klein to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.  In

---

[1] On September 14, 2023, the Superior Court stayed Blue Valley's motion, while this appeal is pending.

2

response to the notice to show cause, Klein asserts that the Superior Court's judgment is final because Blue Valley has stated that the claims for breach of the UPA and breach of the indemnification agreement are the only claims against Klein.

(4)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[2]  This Court has consistently held that a judgment on the merits is not final and appealable until the trial court has ruled on an outstanding application for attorneys' fees.[3]  Because Blue Valley's motion for attorneys' fees, expenses, and costs is pending before the Superior Court, this appeal must be dismissed as interlocutory.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.  The filing fee paid by Klein shall apply to any future appeal that he files from a final order entered in the case.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[2] *Salzberg v. Sciabacucchi*, 2019 WL 549039 (Del. Feb. 12, 2019) (citing *Julian v. State*, 440 A.2d 990 (Del. 1982)).

[3] *E.g.*, *id.* at *1; *In re Rural Metro Corp. S'holders Litig.*, 2014 WL 7010818, at *1 (Del. Dec. 2, 2014).