IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HOWARD MARKS, | § | |
| | § | No. 447, 2024 |
|     Defendant Below, | § | |
|     Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
|     v. | § | |
| | § | C.A. No. N21C-09-206 |
| LEE FELDMAN, MATS | § | |
| LEDERHAUSEN, and DOV | § | |
| SEIDMAN, | § | |
| | § | |
|     Plaintiffs Below, | § | |
|     Appellees. | § | |

Submitted: November 18, 2024
Decided: November 21, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)  The plaintiffs-appellees filed suit in the Superior Court against the defendant-appellant, Howard Marks, alleging one count of defamation per se. In a memorandum opinion entered on September 23, 2024 (the "Memorandum Opinion"), the Superior Court resolved Marks's motions to dismiss and for summary

judgment and the plaintiffs' motion for partial summary judgment, holding that the plaintiffs had established Marks's liability for defamation per se.[1]

(2)     On October 3, 2024, Marks filed an application for certification of an interlocutory appeal from the Memorandum Opinion.  The plaintiffs opposed certification.  On October 23, 2024, the Superior Court denied the application for certification.[2]

(3)     Marks filed a notice of interlocutory appeal in this Court on October 25, 2024.  A notice issued for Marks to show cause why the appeal should not be dismissed because the notice of appeal was not filed within thirty days of September 23, 2024, as required by Supreme Court Rule 42(d)(i).  In response to the notice to show cause, Marks does not assert that the notice of appeal was filed within thirty days of the Memorandum Opinion.  Instead, he argues that the Memorandum Opinion does not contain any "mandatory language," such as the phrase "it is so ordered," and therefore is not an "order" within the meaning of Rule 42.[3]  And despite having filed an application for certification of an interlocutory appeal and a notice of interlocutory appeal, Marks contends that "[t]o date, the Superior Court

---

[1] *Feldman v. Marks*, 2024 WL 4263931 (Del. Super. Ct. Sept. 23, 2024).
[2] *Feldman v. Marks*, 2024 WL 4563851 (Del. Super. Ct. Oct. 23, 2024).
[3] Appellant's Response to Notice to Show Cause ¶¶ 20, 22.

has not issued an *Order* from which the instant appeal is sought, and as such, the thirty-day window to file a notice of appeal has not begun to run, let alone expired."[4]

(4)     Absent compliance with Supreme Court Rule 42, this Court lacks jurisdiction to hear an interlocutory appeal.[5]  Rule 42(d)(i) requires the appellant to file a notice of interlocutory appeal "within 30 days after the entry of the order from which the appeal is sought to be taken."[6]  Marks's argument that the Memorandum Opinion is not an "order" for purposes of Rule 42 is unavailing.  The Memorandum Opinion made clear that the defendant's motions to dismiss and for summary judgment were denied and the plaintiffs' motion for partial summary judgment was granted, without contemplating further action by the court as to those motions. Importantly, Marks acknowledged as much by filing an application for certification of an interlocutory appeal from the decision.  He did not take the position that the Memorandum Opinion was not an "order" under Rule 42 until after the plaintiffs filed an opposition, the Superior Court issued a decision denying certification, and this Court issued a notice to show cause as to the untimeliness of the appeal.

(5)     Moreover, the presence or absence of language to the effect of "it is so ordered" is not dispositive of whether a decision is an "order" for Rule 42 purposes. Indeed, this Court has accepted multiple interlocutory appeals from decisions

---

[4] *Id.* ¶ 16 (emphasis in original).
[5] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[6] DEL. SUPR. CT. R. 42(d)(i).

without "it is so ordered" language or a separate implementing order.[7] The Memorandum Opinion is an interlocutory order for purposes of Rule 42.

(6) The notice of interlocutory appeal was filed more than thirty days after the Superior Court entered the Memorandum Opinion. The appeal is therefore untimely and must be dismissed.[8]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[7] *E.g.*, *Palkon v. Maffei*, 311 A.3d 255 (Del. Ch. 2024), *interlocutory appeal accepted*, No. 125, 2024, Docket Entry No. 5 (Del. Apr. 16, 2024); *S'holder Representative Servs. LLC v. DC Capital Partners Fund II, L.P.*, 2022 WL 439011 (Del. Ch. Feb. 14, 2022), *interlocutory appeal accepted*, No. 90, 2022, Docket Entry No. 3 (Del. Mar. 28, 2022); *Rite Aid Corp. v. ACE Am. Ins. Co.*, 2020 WL 5640817 (Del. Super. Ct. Sept. 22, 2020), *interlocutory appeal accepted*, No. 339, 2020, Docket Entry No. 5 (Del. Dec. 1, 2020); *Lebanon Cty. Employees' Ret. Fund v. AmerisourceBergen Corp.*, 2020 WL 132752 (Del. Ch. Jan. 13, 2020), *interlocutory appeal accepted*, No. 60, 2020, Docket Entry No. 4 (Del. Mar. 5, 2020).

[8] DEL. SUPR. CT. R. 42(d)(i). *See also E. Alliance Ins. Co. v. Henry*, 2021 WL 2418979, at *2 (Del. June 10, 2021) (addressing the appellants' suggestion that they had thirty days after the Superior Court's denial of their application for certification to file a notice of interlocutory appeal and stating that "Rule 42(d)(i) requires the appellant to file a notice of appeal of an interlocutory order 'within 30 days after the entry of the order from which the appeal is sought to be taken'").