IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FELICIA SCARANGELLO, | § | |
| Individually, THE ESTATE OF | § | No. 66, 2025 |
| ALETHA P. SCARANGELLO, | § | |
| by FELICIA SCARANGELLO, | § | Court Below–Superior Court |
| Personal Representative, | § | of the State of Delaware |
| | § | |
| Plaintiffs Below, | § | C.A. No. N23C-09-185 |
| Appellants, | § | |
| | § | |
| v. | § | |
| | § | |
| MARY CULLEY, ESQUIRE and | § | |
| MORRIS JAMES, LLP, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: February 25, 2025
Decided: March 11, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the notice to show cause and the appellant's response thereto, it appears to the Court that:

(1)     The appellant, the Estate of Aletha P. Scarangello by Felicia Scarangello (the "Estate"), filed this appeal from the Superior Court's January 17, 2025 order, which partially granted the motion to dismiss filed by the defendants below/appellees, Mary Culley, Esquire and Morris James, LLP. Because the court's order did not appear to be a final order, the Senior Court Clerk issued a notice to the

Estate to show cause why this appeal should not be dismissed for its failure to comply with Supreme Court Rule 42 when taking an appeal from an interlocutory order. The Estate has responded to the notice to show cause and takes no position with respect to the finality of the judgment below.

(2) "When a civil action involves multiple claims and multiple parties, a judgment regarding any claim or any party does not become final until the entry of the last judgment that resolves all claims as to all parties unless an interlocutory ruling as to a claim or party is certified pursuant to Superior Court Civil Rule 54(b)."[1] The Superior Court's January 17, 2025 order granted the defendants' motion to dismiss the Estate's claims, but Felicia Scarangello's claims remain pending.

(3) Because claims remain pending in the Superior Court and the Estate did not seek the entry of a final judgment under Rule 54(b), the Superior Court's January 17, 2025 order is interlocutory. Absent compliance with Rule 42, this Court has no jurisdiction to consider an interlocutory appeal,[2] and this appeal must be dismissed.

---

[1] *Williams v. Mitchell*, 2006 WL 2535098, at *1 (Del. Aug. 29, 2006).
[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal be DISMISSED under Supreme Court Rule 29(b) without prejudice as to any future appeal following the entry of a final judgment below.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice