IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MELANIE TRAINOR,[1] | § | |
| | § | No. 259, 2025 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN24-01435 |
| DEPARTMENT OF SERVICES | § | Petition No. 25-00046 |
| FOR CHILDREN, YOUTH AND | § | |
| THEIR FAMILIES, | § | |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: June 27, 2025
Decided: June 27, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On June 16, 2025, Melanie Trainor filed a notice of appeal from a Family Court order, dated May 15, 2025, issued after a dispositional hearing. Because the dependency-and-neglect proceedings involving Trainor and her daughter are ongoing, the Clerk of the Court issued a notice directing Trainor to

---

[1] The Court previously assigned a pseudonym to the appellant under Supreme Court Rule 7(d).

show cause why her appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.

(2)	In response to the notice to show cause, Trainor has filed in this Court: (i) an Official Form M, a notice of appeal from an interlocutory order captioned in this Court that identifies the May 15, 2025 order as the interlocutory order that Trainor wishes to appeal and states that an application for certification was filed in the trial court months ago—on January 2, 2025; (ii) various documents related to the underlying dependency-and-neglect action; and (iii) an Official Form L, an unsigned order captioned in the Family Court purportedly granting Trainor leave to appeal from an interlocutory order. But a review of the Family Court docket reveals that Trainor did not file an application for certification of an interlocutory appeal in the Family Court and, it follows, that the Family Court did not rule on any such application.

(3)	Absent compliance with Rule 42, this Court's jurisdiction is limited to the review of final judgments.[2]  Under Rule 42, Trainor was required to file an application for certification of the Family Court's May 15, 2025 order in the Family

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

Court within ten days of that order.[3]  In the absence of Trainor's compliance with Rule 42, this appeal must be dismissed.  Trainor will have the opportunity to challenge the Family Court's rulings after the Family Court enters a final judgment.[4]

NOW, THEREFORE, IT IS ORDERED that the appeal be DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] Del. Supr. Ct. R. 42(c) ("An application for certification of an interlocutory appeal shall be made in the first instance to the trial court…. Such application shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.").

[4] *See Dobbins v. Div. of Servs. for Children, Youth and Their Families*, 2019 WL 2635894, at *1 (Del. June 26, 2019).