IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MELANIE TRAINOR,[1] | § | |
| | § | No. 10, 2026 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN24-01435 |
| DEPARTMENT OF SERVICES | § | Petition No. 25-00046 |
| FOR CHILDREN, YOUTH AND | § | |
| THEIR FAMILIES (DSCYF/DFS), | § | |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: January 20, 2026
Decided: February 13, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice of an appeal from an interlocutory order under Supreme Court Rule 42, the notice to show cause, and the appellant's response, it appears to the Court that:

(1) On January 5, 2026, Melanie Trainor filed a notice of appeal from a Family Court interlocutory order dated December 5, 2025, changing the permanency plan for Trainor's seventeen-year-old daughter, who is the subject of ongoing dependency-and-neglect proceedings. Because a review of the Family Court docket

---

[1] The Court previously assigned a pseudonym to the appellant under Supreme Court Rule 7(d).

revealed that Trainor had not filed an application for certification of an interlocutory appeal in the Family Court, the Senior Court Clerk issued a notice directing Trainor to show cause why her appeal should not be dismissed for her failure to comply with Supreme Court Rule 42. In her response to the notice to show cause, Trainor argues the substantive merits of her appeal but does not address her failure to comply with Rule 42.

(2)     Absent compliance with Rule 42, this Court's jurisdiction is limited to the review of final judgments.[2] Under Rule 42, Trainor was required to file an application for certification of the Family Court's December 5 interlocutory order in the Family Court within ten days of that order.[3] She was also required to file an application for certification in the Family Court before filing a notice of appeal from an interlocutory order in this Court.[4] Instead, Trainor filed a notice of appeal from an interlocutory order in this Court without ever filing an application for certification in the Family Court. In the absence of Trainor's compliance with Rule 42, this

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[3] Del. Supr. Ct. R. 42(c) ("An application for certification of an interlocutory appeal shall be made in the first instance to the trial court…. (i) Such application shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.").

[4] *Id.*

2

appeal must be dismissed.  Trainor will have the opportunity to challenge the Family

Court's rulings after the Family Court enters a final judgment.[5]

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED under

Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[5] See *Dobbins v. Div. of Servs. for Children, Youth and Their Families*, 2019 WL 2635894, at *1 (Del. June 26, 2019).