IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALICIA ANDERSON, | § | |
| | § | No. 76, 2026 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. S25C-11-001 |
| BAYHEALTH, INC. and | § | |
| BAYHEALTH MEDICAL | § | |
| CENTER, INC., | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: March 20, 2026
Decided: March 25, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

(1)     On February 17, 2026, Alicia Anderson filed a notice of interlocutory appeal from a Superior Court letter order that resolved Anderson's motion to proceed *in forma pauperis* by requiring her to pay a one-time filing fee of $10; directed Anderson not to attempt to file documents by e-mail; and provided information as to how to file a complaint that complied with the court's rules and a motion to file the complaint under seal. The court further ordered that if Anderson failed to pay the $10 fee and file a valid complaint by March 6, 2026, the action would be dismissed.

(2) Because a review of the Superior Court docket reflected that Anderson had not filed an application for certification of an interlocutory appeal, the Senior Court Clerk of this Court issued a notice directing Anderson to show cause why the appeal should not be dismissed because Anderson had not complied with Supreme Court Rule 42. In response to the notice, Anderson argues that filing fees impede indigent individuals' access to justice. She states that she filed the notice of appeal within the time period for filing an appeal from the Superior Court's order and therefore complied with Rule 42.

(3) Absent compliance with Rule 42, this Court's jurisdiction is limited to the review of final judgments.[1] Under Rule 42, Anderson was required to file an application for certification of the Superior Court's letter order within ten days of that order, before filing a notice of interlocutory appeal in this Court.[2] Instead, Anderson filed a notice of interlocutory appeal without ever filing an application for certification in the Superior Court. Because Anderson has not complied with Rule 42, this appeal must be dismissed.

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[2] *See* DEL. SUPR. CT. R. 42(c) ("An application for certification of an interlocutory appeal shall be made in the first instance to the trial court . . . . Such application shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.").

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice