A & J BUILDERS, INC., R.A. BUNTING & CO., INC., ALLEN DAVIDSON, JAMIE DAVIDSON, Employer Below, Appellants,
v.
ANDREW J. MCKIRBY, Claimant Below, Appellee.
No. 196, 2009.
Supreme Court of Delaware.
Submitted: September 9, 2009.
Decided: September 14, 2009.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.
Randy J. Holland, Justice
This 14th day of September 2009, it appears to the Court that:
1) This is an appeal from a Superior Court decision dated March 18, 2009, reversing the Industrial Accident Board ("the Board") and remanding the matter to the Board for further proceedings. The appellant, R.A. Bunting & Co., Inc., was directed to show cause why the appeal should not be dismissed as an interlocutory appeal that does not comply with Supreme Court Rule 42.
2) The appellant's answer to the rule to show cause submits that this appeal should not be dismissed because: first, the Superior Court's remand to the Board would include "purely ministerial" functions, and therefore, this appeal is not from an interlocutory order, but rather from a final judgment, and need not comply with the requirements of Rule 42; and second, that a dismissal would be contrary to the purpose of Rule 42 to promote judicial economy.
3) In 1981, this Court held that "an order of remand by the Superior Court to the Industrial Accident Board is interlocutory and not a final order."[1] The holding in Taylor "[applies] to all remands except remands for `purely ministerial' functions."[2]
4) The record reflects that the Superior Court's remand in this case is not a "final order." In reversing the Board's decision, the Superior Court held that the appellant was a proper party to this proceeding under title 19, section 2311 of the Delaware Code. The Superior Court did not, however, decide any issue beyond whether the appellant was a proper party.
5) The remand by the Superior Court to the Board "for further proceedings consistent with [its] opinion," requires the Board to hold a hearing on the merits. Although the appellant will now be a party to that litigation, all other issues regarding the appellee's petition must still be decided by the Board. Consequently, the Board's function on remand is not purely ministerial.
6) The record reflects that this appeal is from an interlocutory order of the Superior Court. The appellant did not properly invoke this Court's jurisdiction for review of an interlocutory order pursuant to Rule 42. This Court cannot disregard its jurisdictional requirements "in the interest of judiciary economy." In 1982, this Court held that the "Taylor decision should constitute notice to the Bar as to the general applicability of Rule 42 in this situation," i.e., it applies to all remands except remands for purely ministerial functions.[3] Accordingly, this interlocutory appeal must be dismissed.[4]
NOW, THEREFORE, IT IS HEREBY ORDERED that this interlocutory appeal is dismissed for failure to comply with Supreme Court Rule 42.
NOTES
[1] Taylor v. Collins and Ryan, Inc., 440 A.2d 990, 990 (Del. 1981).
[2] DiSabatino Bros., Inc. v. Wortman, 453 A.2d 102, 104 n.3 (Del. 1982).
[3] DiSabatino Bros., Inc. v. Wortman, 453 A.2d at 104.
[4] See, e.g., Delaware River and Bay Auth. v. Sewell, 755 A.2d 387 (Del. 2000); Julian v. State, 440 A.2d 990 (Del. 1982).