# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WAYNE FORAKER,        )
                                 )
        Claimant Below -     )
        Appellant,           )
                                 )     C.A. No. N19A-12-001 ALR
        v.                    )
                                 )
AMAZON.COM, INC.,     )
                                 )
        Employer Below -    )
        Appellee.            )

Submitted: December 31, 2020
Decided: January 4, 2021

***Upon Application for Certification of an Interlocutory Appeal
By Employer Below - Appellee***
**DENIED**

## ORDER

Upon consideration of the application for certification of interlocutory appeal and response in opposition thereto; the facts, arguments, and legal authorities set forth in the parties' submissions; Supreme Court Rule 42; the Superior Court Rules of Civil Procedure; decisional law; and the entire record in this case, the Court hereby finds as follows:

1. This matter was before the Superior Court in the Court's appellate role.

2. Wayne Foraker ("Foraker") was injured in the course of his employment at Amazon.com, Inc. ("Amazon"). Foraker was paid temporary total

disability workers' compensation benefits for his work-related injury. The Industrial Accident Board ("IAB") denied additional total disability benefits on the grounds that Foraker's continuing medical problems were attributed to a preexisting injury and not Foraker's more recent work-related injury.

3. In a Memorandum Opinion issued November 5, 2020, this Court found that the IAB committed legal error in its denial of additional workers' compensation. This Court also ruled that the record did not include substantial evidence to support the IAB's findings of fact that Foraker's recent Amazon injury had completely resolved and, instead, that any injury Foraker continued to suffer was attributed to his prior injury.

4. By Order dated December 11, 2020, this Court denied Amazon's motion for reargument/clarification on the grounds that the standard for reargument had not been met. This Court also found there was no basis to further clarify its decision.

5. Amazon cites two bases for approving the application. First, Amazon argues that interlocutory appeal will expedite the judicial process, reduce the cost of litigation and hasten full and final resolution. Second, Amazon claims this Court decided a significant issue.

6. Foraker opposes certification of interlocutory appeal.

7. The standard for certification of an interlocutory appeal is high:

2

Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources. Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal.[1]

8. An interlocutory appeal may be certified by this Court pursuant to Supreme Court Rule 42 only when the appealed decision (1) "decides a substantial issue of material importance that merits appellate review before a final judgment"[2] and (2) meets one or more criteria enumerated in Rule 42(b)(iii).[3] Moreover, before certifying interlocutory appeal, this Court "should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice."[4]

9. Amazon's application does not meet the strict standards for certification under Rule 42(b).

10. Neither the Court's November 5, 2020 Memorandum Opinion nor the Court's December 11, 2020 Order denying reargument/clarification decided any substantial issues of material importance. While significant to the parties involved, the issues before the Court were routine. This Court applied a well-established

---

[1] Supr. Ct. R. 42(b)(ii).
[2] Supr. Ct. R. 42(b)(i).
[3] *See* Supr. Ct. R. 42 (b)(iii).
[4] Supr. Ct. R. 42(b).

3

standard of review, remanded the matter for application of the correct legal standard and for findings based on record evidence.[5]

11.    The Court's November 5, 2020 Memorandum Opinion and December 11, 2020 Order do not meet Rule 42(b)(iii) criteria.  The relief granted by this Court is not novel.  There is no conflict among trial courts that should be addressed by the Delaware Supreme Court.  In addition, the Order does not grant or deny dispositive relief and interlocutory review is therefore unlikely to terminate this litigation.  On the other hand, interlocutory review will cause further delays of this case and require the parties to expend resources litigating an unexceptional issue, a scenario that the strict standards of Rule 42(b) seek to prevent.[6]

12.    Exceptional circumstances that would merit interlocutory review of this Court's rulings are not present here.

13.    The public policy rationale of the worker's compensation no-fault scheme is to provide for prompt payment of medical expenses and lost wages

---

[5] *See A & J Builders, Inc. v. McKirby*, 2009 WL 2972916, at *1 (Del. Sept. 14, 2009) (TABLE) (reiterating that "an order of remand by the Superior Court to the Industrial Accident Board is interlocutory and not a final order" unless remanded for purely ministerial functions).  *See also Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters.").

[6] *See* Supr. Ct. R. 42(b)(ii) ("Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources.").

4

associated with work-related injuries.[7] An interlocutory appeal before the Board reconsiders whether Foraker is entitled to additional compensation is contrary to that public policy in favor of prompt compensation. In addition, any appeal by Amazon *after an award of benefits* triggers the constitutional requirement that an employer post a bond for the full amount of the award prior to any request for a stay of that payment.[8]

14.    Any potential benefits of interlocutory review are substantially outweighed by the inefficiency, disruption and costs of an interlocutory appeal.

15.    Accordingly, interlocutory review will be disruptive, will cause delay, and will not be consistent with the fair and efficient administration of justice.

**NOW, THEREFORE, this 4th day of January 2021, Amazon's application for certification of an interlocutory appeal is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[7] *Moss Rehab v. White*, 692 A.2d 902, 909 n.12 (Del. 1997).
[8] Del. Const. art. IV, § 24.