IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EASTERN ALLIANCE INS. CO. and HORIZON SERVICES, INC._,_ | § § § | No. 158, 2021 |
| Employer and Intervenors-Below, Appellants, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | C.A. No. N18C-03-092 |
| JOHN HENRY and DARLENE HENRY, | § § § § | |
| Plaintiffs-Below, Appellees, | § § | |
| v. | § § § | |
| THE CINCINNATI INSURANCE COMPANY, | § § § | |
| Defendant-Below, Appellee. | § | |

Submitted: June 4, 2021
Decided:    June 10, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellants' response, it appears to the Court that:

(1)    An employee was injured in an accident while operating a motor vehicle in the course of his employment. He received workers' compensation benefits for the injuries that he sustained. He also received proceeds from the third-

party tortfeasor's insurance provider; those proceeds were paid to the workers' compensation insurance carrier under 19 *Del. C.* § 2363(e). The employee also filed suit in the Superior Court seeking to recover from insurance companies that provided underinsured motorist coverage to him and to his employer. The appellants—the plaintiff's employer and its workers' compensation carrier—moved to intervene in the litigation. The appellants filed this appeal from the Superior Court decision, dated April 19, 2021, denying the appellants' motion to intervene.

(2)     Because the Superior Court case is ongoing, the Senior Court Clerk issued a notice to the appellants to show cause why the appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 when appealing an apparent interlocutory order. In response, the appellants contend that, if the Superior Court's denial of the motion to intervene is considered final because it "permanently terminated the case for Appellants," then they were required to file their notice of appeal from that decision by May 19, 2021. They state that "it was equally possible" that the appellants were required to pursue an interlocutory appeal "because the underlying case between the remaining parties continues." The appellants state that they therefore also sought certification of an interlocutory appeal and intend to file a notice of interlocutory appeal on or before June 13, 2021.

(3)     An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable

matters within its jurisdiction.[1]  This Court has held that a trial court decision that dismisses claims against one party, while claims against other parties remain pending, is not a final order and can be reviewed on appeal only in accordance with Supreme Court Rule 42.[2]  The appellants have not cited any authority supporting the proposition that the denial of a motion to intervene is any different and constitutes a final, appealable order.  We conclude that this appeal is interlocutory.

(4)     Absent compliance with Supreme Court Rule 42, this Court lacks jurisdiction to hear an interlocutory appeal.[3]  The appellants concede that this appeal was not filed in accordance with Rule 42, and we find that it was not.  For example, the notice of appeal does not comply with Form M, as required by Rule 42(d)(ii), nor did the appellants provide the necessary attachments, such as the application for certification and the response, as required by Rule 42(d)(iv).  The appeal is therefore dismissed.

(5)     We note that the appellants suggest that they have until June 13, 2021—thirty days after the Superior Court's denial of the application for certification—to file a timely notice of interlocutory appeal.  Rule 42(d)(i) requires the appellant to

---

[1] *Dickerson v. Phillips*, 2012 WL 3007947, at *1 (Del. July 24, 2012) (citing *J.I. Kislak Mortgage Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973)).

[2] *Nat'l Union Fire Ins. Co. of Pittsburgh v. Reliance Ins. Co.*, 1992 WL 115173 (Del. May 6, 1992).  *Cf. Lanouette v. Del. State Housing Authority*, 1996 WL 627547 (Del. Oct. 21, 1996) (refusing interlocutory appeal from a trial court order vacating an earlier order allowing the appellant to intervene).

[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

file a notice of appeal of an interlocutory order "within 30 days after the entry of the order from which the appeal is sought to be taken." The appellants seek review of the Superior Court's April 19, 2021, decision denying the motion to intervene. The appellants were therefore required to file a notice of interlocutory appeal on or before May 19, 2021, and the time for filing a notice of interlocutory appeal has expired.[4]

(6) Finally, even if the appellants had timely filed an interlocutory appeal in compliance with Rule 42, interlocutory review would not be warranted. Exceptional circumstances that would merit interlocutory review of the decision of the Superior Court do not exist in this case,[5] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] DEL. SUPR. CT. R. 42(d)(i). Moreover, if an appellant files the notice of interlocutory appeal before the trial court acts on the application for certification, the appellant shall file a supplementary notice of appeal within ten days after the trial court enters its order certifying or refusing to certify the interlocutory appeal. *Id.* R. 42(d)(iii). The Superior Court denied the appellants' application for certification of an interlocutory appeal on May 13, 2021.

[5] DEL. SUPR. CT. R. 42(b)(ii).